## Charles S. Dole *et al.*
### *v.*
## John D. Olmstead *et al.*

1. Assignment — *by commission merchants.* Where commission merchants in failing circumstances made an assignment for the benefit of creditors, and there was a large amount of grain on storage, the assignees take only the interest of the assignors. Having been informed by the assignor that the corn was on storage, and the assignees having agreed to deliver the corn to the several owners, when they should present their receipts, the assignees can have no pretense of a claim to any portion of such grain.

2. Same — *average loss by owners of grain on storage.* Where in such a case, the grain when measured out, falls short when stored by the consent of the owners, in one common mass, the court should average the loss *pro rata,* among all of the owners. And when the assignees had sold the corn, each owner should be compensated in money in due proportion to the amount which he placed in store, and a decree against the assignees in favor of each owner for their several sums due them is proper.

3. Warehousemen — *their liability when they convert grain stored.* When assignees become warehousemen, and convert grain in store with them, received of their assignors who were warehousemen, and appropriate the money to their own use, they are at least liable to account to the owners for the amount received, with interest from the date of the sale.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

John D. Olmstead and Thomas Herford, in June, 1860, filed a bill in equity in the La Salle Circuit Court, against Charles S. Dole and James H. Dole. This case was previously before the court, and is reported in the 36th Ill. 150, and the statement there given, with that in the opinion of the court, presents the facts of the case.

On the hearing below, the court granted the relief prayed, in accordance with the previous decision of the case in this court. Defendants appealed to this court from this last decree and assign various errors on the record, and ask a reversal of the decree.

Messrs. LELAND & BLANCHARD, for the appellants.

Messrs. GRAY, AVERY & BUSHNELL, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This case was before the court at a previous term. It was then remanded for a new trial on the principles then settled as applicable to the facts of the case. It is now insisted that the court below in rendering this decree failed to observe the decision announced by this court. This decree only settles the rights of the parties in the corn which they had stored with the assignor of appellants. It does not embrace any portion of the corn subsequently delivered under contracts made to their assignor, and transferred to them when the assignment was made. Appellants are left with all of the corn for which they paid on unfulfilled contracts with Fairfield and Weld. The decree made distribution of the remainder of the 14,292 bushels, in the cribs which had been received in store from the appellees by Fairfield & Weld, and for which the latter had given their receipts. There is no pretense that appellants ever paid any money on this corn or owned any portion of it, or that Fairfield & Weld owned any part of it when they made the assignment to appellants; and hence appellants acquired

no interest in it by the assignment, and there is no evidence that they ever did by any other means.

It also appears, that, at the time when Fairfield and Weld made the assignment, they informed appellants that this corn was on storage, and their receipts were outstanding for it, and they had no claim on or interest in the corn. And that appellants agreed to deliver it to the owners when they should present their receipts, except to Cushman, True & Co. That firm, however, replevied, and established their right to their portion. And how or on what pretense appellants can claim any portion of this corn, we are at a loss to comprehend.

It appears, that, when the corn was measured out it fell short of the amount put into the cribs five hundred bushels. This was occasioned by waste and otherwise. Cushman, True & Co., deducting their *pro rata* portion of the loss, were entitled to receive 2,832 bushels. The proportionate shares of appellees in the remainder were then ascertained, and the value of each was computed, and appellants agreed to pay the several amounts to appellees. The corn was theirs, stored by them with the persons of whom appellants with notice received the corn. And the evidence shows that appellants had sold the corn, and appropriated the proceeds to their own use. The court fixed the several amounts due to each appellee, at the price at which appellants had sold the grain, and allowed interest on the amount from the time appellants converted the corn into money. They were at least liable to this extent.

Had any portion of the proceeds of this corn come from the contracts that Fairfield and Weld had made with farmers, and which they assigned to appellants, it might have presented a different question, especially if they had paid for the corn on its delivery. But they had no interest in the corn from which this fund was produced, and consequently could not share in its distribution. We do not perceive that the court below erred in rendering the decree, but it seems to conform in every respect to the former decision of this court. The decree of the court below is therefore affirmed.

*Decree affirmed.*