# Dale v. Davis.

1. REDEMPTION—*Equity of—Rights of the Owner.*—On the satisfaction of a decree by a sale of premises in foreclosure proceedings, the owner of the equity of redemption in the premises sold, at the time of the sale, and continuing to be such until the time for redemption expires, is entitled to the possession of the premises and the rents and profits arising therefrom during the period of the right of redemption.

2. REDEMPTION—*Premises in Possession of a Receiver.*—Where premises sold under a decree in foreclosure are in the possession of a receiver, such possession must be considered as for the benefit of him who has the right of possession, and he should not be allowed to destroy or impair such right during the period of redemption.

3. TAXES—*Receiver in Possession of Mortgaged Premises.*—A receiver in possession of premises pending foreclosure proceedings, and during the period allowed for redemption, having funds in his hands received from rents of the property remaining after the payment of the mortgage debt, should pay the taxes which were a lien upon the premises at the time of the decree and sale, whether provided for in the mortgage or not, but not as to taxes which had not been levied at the time of the sale.

4. TAXES—*Who Liable for Their Payment.*—Under Sec. 59, Chap. 120, R. S., entitled Revenue, the owner of property on the first day of May in any year, is liable for the taxes of that year, but this fact is no justification for a court having in its possession funds belonging to a person so liable to appropriate them to paying that obligation.

5. TAXES—*Period of Redemption—No Reimbursement for Purchaser.* —The act approved June 4, 1889, makes provision for cases where the purchaser of real estate at a sale, under a judgment or decree, pays taxes or assessments which become a lien during the period allowed for redemption, by permitting the amount of such taxes or assessments so paid, with interest, to be added to the sum due on the certificate of sale when redemption is made. Rev. Stat. Ill., Chap. 77, Sec. 27 a. But the statute nowhere provides that the purchaser shall be reimbursed for taxes which have become a lien and have been paid by him, for which the premises are liable in cases where the right of redemption is not exercised. The maxim *expressio unius est exclusio alterius,* is not without application.

6. FORECLOSURE PROCEEDINGS—*Relations Between the Owner and the Purchaser.*—In foreclosure proceedings, where the debt and decree are satisfied by a sale of the premises for the full amount of the debt, interest and costs, afterward, and as between the purchaser and the equity of redemption, the jurisdiction of the court ceases when the title to and possession of the property has been completely perfected in the purchaser.

7. FORECLOSURE PROCEEDINGS—*Purchaser Takes with Notice of Taxes, etc.*—The purchaser at a foreclosure sale takes with notice of the law that the owner is entitled to the rents and profits during the period of redemption, that the property is subject to annual taxes, and that one year's taxes will be levied on the property before he will be entitled to possession.

**Memorandum.**—Foreclosure proceedings; order as to payment of taxes. Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1893, and reversed with directions. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

BRIEF OF PLAINTIFF IN ERROR, WILLIAM BRACE AND ALDRICH, PAYNE & DEFREES, ATTORNEYS.

It is well settled that the rents and profits during the time intervening between the master's sale and deed, belong to the owner of the equity of redemption, and that he can not be required to account to the purchaser therefor. Stevens v. Insurance Co., 43 Ill. 327; Bennett v. Matson, 41 Ill. 332.

By our laws the defendant is entitled to the possession from the day of sale to the making of the master's deed. O'Brien v. Fry, 82 Ill. 274.

The mortgagor has the right to remain in possession until the purchaser becomes entitled to his deed, and such mortgagor in possession is not liable for use and occupation, or to account for the rents and profits. Rockwell v. Servant, 63 Ill. 424.

FRANKLIN P. SIMONS, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Pending foreclosure proceedings, and before decree, a receiver was appointed, of the mortgaged premises, to collect rents, etc.

At the sale under the foreclosure decree the full amount of the mortgage debt, interest, and costs, was realized—in other words, the decree was satisfied by the sale—the defendant

in error, who was the complainant below, becoming the purchaser.

Manifestly with the decree fully satisfied by the sale, the necessity for continuing the receivership was gone, and the owner of the mortgagor's equity of redemption became entitled to the possession of the mortgaged premises during the period allowed by law for redemption from the sale.

The sale occurred December 21, 1891. On January 26, 1892, a motion in the cause by plaintiff in error for the discharge of the receiver and for an order on him to pay to the plaintiff in error, who was the owner of the equity of redemption, the sum of money remaining in his hands as shown by his report, was heard by the court, and the same as to the payment to the plaintiff in error by the receiver of the balance so appearing to be in his hands, was granted, but as to the discharge of the receiver, it was ordered that the motion stand continued indefinitely.

It does not appear that the motion for the discharge of the receiver was renewed until after the time of redemption had expired, and the final report of the receiver came on to be considered. In the meantime, during said fifteen months, the receiver filed several reports, showing his receipts and disbursements and the balances remaining in his hands, and orders were entered on each of said reports directing the payment by the receiver of said respective balances, aggregating several thousand dollars, to the plaintiff in error. In one of said reports was an item of $1,574.80, paid for taxes on the property for the year 1891, to which there was no objection.

The time for redeeming the premises expired on March 21, 1893, and not being redeemed the purchaser at the sale received a master's deed therefor.

The receiver's final report, filed March 31, 1893, summarized all his previous reports and the orders thereon, and payments to plaintiff in error of the respective balances, and showed a net balance remaining in his hands of $2,074.21.

Thereupon, the defendant in error, who purchased the premises at the sale thereof, on December 21, 1891, and who had received the master's deed therefor, petitioned the court

for an order on the receiver to pay the taxes of 1892 on said premises, amounting to $1,657,64.

The petition was answered by the plaintiff in error, admitting the amount of the taxes for 1892 to be $1,657.64, but denying that they ought to be paid out of the funds held by the receiver, and claiming that they should be borne and paid by the purchaser, and claiming for himself the said funds.

Upon a hearing upon the petition and answer, the court apportioned the taxes and ordered the receiver to pay to the defendant in error $1,473.50, as being that portion of the taxes for 1892, estimated and apportioned as ten and two-thirds months from May 1, 1892, to March 22, 1893.

From such order this writ is prosecuted.

With the satisfaction of the decree by the sale of the premises, the plaintiff in error, who was the owner of the equity of redemption in the premises sold at the time of the sale and continued to be such until the time for redemption expired, became entitled to the possession of the premises and the rents and profits arising therefrom during the period the right of redemption lasted. Stevens v. Insurance Co., 43 Ill. 327; Bennett v. Matson, 41 Ill. 344.

The fact that the receiver was permitted to hold possession did not alter the rights of the owner of the equity of redemption.

The possession of the receiver must be considered as for the benefit of him whose right to the possession existed, and should not be allowed to destroy or impair the benefits the law accords to him during the redemption period.

It was right enough that the receiver should pay, as was done, the taxes of 1891, which were a lien on the premises at the time of the decree and sale. Whether so provided in the mortgage or not, the mortgagee might have paid the same and by appropriate pleadings, amendatory or supplemental, have had the amount thereof included in the decree for which the premises were to be sold; and what might have been done in that way was properly permitted to be done by the receiver for the protection of the mortgagee, whose interests he had been appointed to conserve.

But as to the taxes of 1892, which had not been levied at
the time of the sale, and for which no lien against either the
person or the property of the mortgagor existed until a day
more than four months after the sale, no such reason ap-
plies.

Doubtless, under the statute, the owner of property on
the first day of May in any year, shall be liable for the taxes
of that year.    Rev. Stat. Ill., Chap. 120, entitled Revenue,
Sec. 59.

But because thereof, it is no justification for a court having
in its possession funds belonging to a person so liable, to ap-
propriate them to paying that obligation.

The jurisdiction was invoked and existed in that suit only
for the purpose of subjecting the mortgaged premises to
the payment of the mortgage indebtedness, and such further
relief as was incidental to the exercise of complete justice
between the parties under the jurisdiction acquired for the
main purpose.

The debt and decree were fully satisfied when the prem-
ises were sold for the full amount of the debt with interest
and costs.    After that and as between the purchaser and
the owner of the equity of redemption, the jurisdiction of
the court ceased when the title to and possession of the
property he purchased had been completely perfected in the
purchaser.

Whatever other obligations there may be between such
purchaser and the owner, having no connection with the
subject-matter of the foreclosure suit, may perhaps be de-
termined elsewhere, but can not be so done in that suit.

The act approved June 4, 1889, makes provision for cases
where the purchaser of real estate at a sale under a judgment
or decree, shall pay taxes or assessments which become a
lien during the period allowed for redemption, by permit-
ting the amount of such taxes or assessments so paid, with
interest, to be added to the sum due on the certificate of sale
when redemption is made.    Rev. Stat. Ill., Chap. 77, Sec.
27 a.    But the statutes nowhere provide that the purchaser
shall be reimbursed for taxes which have become a lien and
been paid by him, or for which the premises are liable in

cases where the right of redemption is not exercised. The maxim *expressio unius est exclusio alterius*, is not without application.

The purchaser bought with notice of the law that the owner was entitled to the rents and profits of the property during the time for redemption; that the property was subject to annual taxes, and that one year's taxes would be levied on the property before he would be entitled to possession.

The fact that the purchaser was also the mortgagee does not advantage him so far as the question here involved is concerned. The money in the hands of the receiver was received from rents of the property and belonged to the owner. The court had no authority to take it away from him, his debt having been fully satisfied. There was no occasion for the exercise of general justice between the parties, for no legal obligation existed upon which to rest its application.

The order of the Circuit Court will therefore be reversed with directions to that court to order the receiver to pay to the plaintiff in error the sum of $1,473.50, which was by the order in question directed to be paid to the defendant in error.

MR. JUSTICE GARY.

I agree with all that Mr. Justice Shepard has written except that I think that the mere accident that a fund was in the hands of the receiver and therefore under the control of the court, which accrued from the subject-matter of the suit, gave to the court authority to dispose of that fund as the right and justice of the matter might be between the parties. That is, that the court, having the parties before it, and the fund within its control, might do complete justice as to all matters incidental to the principal matter upon the same principle that warrants a writ of assistance after the time of redemption has expired, and the purchaser has his deed. Heffron v. Gage, 44 Ill. App. 147; Carpenter v. White, 43 Ill. App. 448.