## Wyatt Digby v. National Loan and Building Association.

1. COLLATERAL SECURITIES—*When to be Surrendered.*—Where a person in possession, and the owner of mortgaged premises, procures policies of insurance thereon, delivers them to the mortgagee as collateral security for the debt, when the mortgage debt is satisfied, even though by a sale under a decree of foreclosure, he is entitled to the return of his policies.

**Transcript from a Justice of the Peace.**—Error to the Circuit Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 2, 1895.

MORTON CULVER, attorney for plaintiff in error.

P. J. DOUGHERTY and JOHN S. STEVENS, attorneys for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

One Keady, being the owner of certain real estate, incumbered it by trust deed by way of mortgage, to secure repayment of a loan of money evidenced by his bond to the defendant in error, and afterward conveyed the premises by warranty deed to the plaintiff in error, subject to said incumbrance. Neither by the terms of the trust deed or bond was there any specific covenant or agreement by the mortgagor to insure the mortgaged premises against fire, but, as a matter of fact, upon demand of the defendant in error the plaintiff in error did, on April 13, 1892, take out and deliver to the defendant in error two policies of fire insurance on the premises, aggregating $5,500, for a term of five years, containing a clause that the loss, if any, should be payable to the trustee named in the trust deed, and paid the premium therefor, amounting to $222.75. Subsequently thereto the defendant in error procured a decree of foreclosure of the trust deed, under which the premises were sold to the defendant in error, on September 22, 1894, for $6,750.55, which was the total amount of the indebtedness secured by said bond and trust deed, including interest and all costs of foreclosure.

After the sale, and confirmation of master's report of sale, the plaintiff in error demanded of defendant in error the insurance policies for cancellation, and the defendant refused to surrender them, but, on the contrary, took one of the policies and canceled it and retained the money received therefor; took the other policy and surrendered it and took out a new policy in its stead in the name of the defendant in error, and refused to pay plaintiff in error the surrender value of said policies.

Suit was begun by the plaintiff in error against defendant in error before a justice of the peace, and judgment recovered by him for $113.05, the surrender value of said policies,

and costs of suit. . The defendant in error appealed to the Superior Court, and there, upon a trial by the court without a jury, judgment was rendered against the plaintiff in error, who now prosecutes this writ of error from that judgment.

The policies of insurance were collateral security to the debt. When the debt was paid in full, as it was by the sale of the mortgaged premises for the full amount of the debt and costs, the collateral belonged again to the debtor and should have been returned to him.

Nor does it in any way affect the result that the holder of the indebtedness secured by the mortgage became the purchaser at the foreclosure sale. By becoming the purchaser at the sale a new relation created by the statute arose between the purchaser and the mortgagor, in nowise dependent upon any privity of contract theretofore existing between mortgagee and mortgagor. Davis v. Dale, 150 Ill. 239; same case, 51 Ill. App. 328.

The judgment of the Superior Court was erroneous and will be reversed, and the cause remanded.