## Harvey H. Talcott v. Salve Peterson.

1. EQUITABLE ASSIGNMENT—*What is.*—The court states a transaction between parties and holds it to be an equitable assignment.

2. RENTS—*Accruing During the Statutory Period of Redemption.*—Where a decree of foreclosure has been fully satisfied by a sale of the mortgaged premises and without any application of the rents (possession of the premises having been turned over to avoid the appointment of a receiver), all the rents received from the premises prior to the expiration of the period for redemption belong to the mortgagor, and he may have his action therefor in assumpsit as for money had and received, and his creditors may reach the same by a creditor's bill.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

HARVEY H. TALCOTT, *pro se.*

The courts of Illinois adhere to the doctrine of the common law. They regard the mortgage deed as passing at once the legal title to the mortgage, subject to defeasance as a condition subsequent, which divests or defeats the estate on performance of it. The right of possession follows the title, so that the mortgagee may enter into possession of the mortgaged property immediately, unless restrained by express provisions or necessary implications of the mortgage, and in any case, upon the breach of the condition, he becomes entitled to possess it and may recover it by action. Carroll v. Ballance, 26 Ill. 9; Vansant v. Allmon, 23 Ill. 33; Delahay v. Clement, 3 Scam. 202; Nelson v. Pinegar, 30 Ill. 473; Jackson v. Warren, 32 Ill. 331; Pollock v. Maison, 41 Ill. 516; Harper v. Ely, 70 Ill. 581.

The judgment creditor, instead of pursuing his remedy in the manner pointed out by law or equity, seeks to make other parties, who have invested thousands of dollars in this property, pay over to him the rents and profits which legally belong to them, without offering to pay the incumbrances on such property and taking it into his own possession and collecting the rents and profits himself, which he might have done if he had so chosen. Farrant v. Lovel, 3 Atk. 723; Dexter v. Arnold, 2 Sumn. 124; Seaver v. Durant, 39 Vt. 103; Chapman v. Smith, 9 Vt. 153; Givens v. M'Calmot, 4 Watts (Pa.), 464; Bell v. Mayor of N. Y., 10 Paige (N. Y.), 49; Daniel v. Coker, 70 Ala. 260.

JOHNSON & MORRILL, attorneys for appellee.

By the law of this State the mortgagor is entitled to the possession of the premises, and consequently to the rents and profits thereof, up to the time of the expiration of the equity of redemption, unless a receiver be appointed, in which event the rents will be applied in reduction of the mortgage indebtedness. Stephens v. Insurance Co., 43 Ill. 327; Bennett v.

Matson, 41 Ill. 332 ; Rockwell v. Servant, 63 Ill. 424 ; O'Brian v. Fry, 82 Ill. 274; Davis v. Dale, 150 Ill. 239 ; Rooney v. Crary, 11 Ill. App. 213.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a creditor's bill filed by the appellee upon a judgment at law recovered by him against one Olaf A. Lamborg for $427.26, upon which an execution was duly returned wholly unsatisfied.

One John L. Barstow was the holder of certain mortgages made by Lamborg, the judgment debtor, covering certain real estate belonging to the latter, payments upon which had matured and were in default.

The appellant was the attorney and agent in Chicago, of Barstow, and on or about February 22, 1892, gave to Barstow a certain receipt and agreement in writing of that date, which, after describing the mortgages and notes secured thereby, was as follows :

" On all said notes I am to pay said Barstow seven per cent interest per annum, payable half yearly, every six months after the respective dates. The said Barstow purchased the first three notes February 10, 1892, and has paid me interest on the same from December 1, 1891, together with all additional interest accruing at that time on said three notes. All said notes are secured by mortgage or trust deeds which are to be foreclosed by me, and I agree to bid in the premises for the amounts due with costs. Immediately after the time of redemption expires, which will be fifteen months from the date of the decree of sale, I am to sell said premises. The proceeds of such sale shall be applied, first, to the payment to said Barstow of the amounts due him, with interest as above specified and which I agree shall be paid in full in any event; second, all fees and costs taxed under the decree of foreclosure, and all cash expenses incurred in the foreclosure and sale of said premises shall be paid.

If there shall be a surplus remaining after this it shall be equally divided between said Barstow and myself."

Acting in pursuance of that agreement, the appellant, as solicitor of record therein, brought foreclosure suits in the name of Barstow, and at the foreclosure sales bid in the several mortgaged premises in his, appellant's, own name, for the full amount of the several decrees, with interest, costs and expenses and solicitor's fees, and took the certificates of sale in his own name.

Appellant afterward assigned the certificates of sale to Barstow, who presumably obtained the master's deeds, and appellant quit-claimed all his interest in the premises to Barstow.

The decrees of sale in all of said foreclosure cases was entered October 27, 1892, and the master's reports of sales thereunder were all filed and approved November 28, 1892, and in each case it appeared that the sale satisfied the decree for principal, interest, costs and expenses of sale, together with solicitor's fees.

It further appears that the time for redemption from each of said sales expired February 19, 1894.

About the time the foreclosure proceedings were begun, arrangements were perfected whereby, to avoid a receivership of the mortgaged premises, Lamborg turned over the possession of the premises to appellant, who, through his agents, began to collect rents therefrom in the month of April, 1892; and the master to whom this cause was referred reported that such rents aggregated $1,458.35, and that after allowing appellant for necessary expenses of repairs, etc., paid by or for him, there remained a net sum of $1,106.83, as received by appellant, for which no account had been made in said foreclosure cases, and that said $1,106.83 belonged of right to Lamborg, and that so much thereof as was necessary to pay appellee's said judgment against Lamborg, with interest and costs, aggregating $603.36, should be paid by appellant to appellee. Decree was entered accordingly, and it is from such decree that this appeal is prosecuted.

We have examined the record with great care, and especially the testimony of appellant himself, who was called as

a witness for appellee, and also testified in his own behalf. The decree of the Circuit Court proceeded upon the theory that the agreement between appellant and Barstow constituted an equitable assignment of the notes and mortgages from Barstow to the appellant, and that appellant was liable to Lamborg, as mortgagee in possession, for the rents and profits received by him.

We think, taking into consideration not only the agreement itself, but also the testimony of appellant as to what has been done by him and Barstow under the agreement, and the continuing relations of each with the other with reference to the property, that such was the true conclusion as a matter of law.

But it is not material whether or not such was the precise legal effect of the agreement and what has been done under it; the decree is plainly justifiable upon a simpler ground.

It can not be successfully disputed but that the foreclosure decrees having been fully satisfied by sale of the mortgaged premises, and without the application of any of the rents, all rents received from the property by the appellant, prior to the expiration of the period of redemption, belong to Lamborg, no matter in what capacity appellant received them. Dale v. Davis, 51 Ill. App. 328; 150 Ill. 239.

For the amount thereof, Lamborg might have had his action in assumpsit as for money had and received, and his creditors may reach it by creditor's bill.

There is no dispute but that the rents came to the hands of appellant, and if he has paid any part of them to Barstow, either as interest or otherwise under their agreement, it would seem that his right for allowances for what he may have here to pay could not be questioned upon a final accounting between himself and Barstow.

The decree will be affirmed, and it is so ordered.