## Horace H. Stoddard v. Henry H. Walker, Receiver, etc.

1. FORECLOSURE SALES—*Rights of Purchasers.*—Where there is no redemption from a sale under a decree of foreclosure, the title and rights of the purchaser become vested and fixed as of the date of the expiration of the time allowed by statute for the redemption from such sales.

2. RECEIVERS—*Under Decrees of Foreclosure.*—The purchaser of a farm at a foreclosure sale becomes the absolute owner at the expiration of the time allowed by the statute for redemption and is entitled to all his rights as such. The rights and duties of a receiver appointed under the decree, with reference to the farm, are then at an end.

3. SAME—*No Power After the Period for Redemption Has Expired.* —After the period allowed for a redemption from a sale in foreclosure has expired without such redemption having been made, and the purchaser has become the owner of the premises sold, a receiver appointed by the decree has no authority to compel a tenant to pay rent or to replace buildings removed by him, subsequent to the time when the title became absolute in the purchaser.

4. FORECLOSURE SUITS—*When the Jurisdiction of the Court Ends.*— The rights of the parties to a suit to foreclose a mortgage are at an end when the time allowed for the redemption from the sale expires and no redemption has taken place, and the jurisdiction of the court whose aid has been invoked for the purposes of the suit ceases.

Foreclosure of Mortgage.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed July 31, 1900.

W. N. GEMMILL, attorney for appellant.

N. M. JONES, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Pending proceedings for the foreclosure of a mortgage and after sale, the appellee was, on October 18, 1897, appointed receiver of the premises involved, consisting of a farm of about 160 acres in this county, then occupied by the appellant as tenant.

The order appointing the receiver is not shown in the abstract further than that it gave to him the usual powers of receivers and directed that the tenant in possession attorn to him. The appellant was not a party to the foreclosure suit, nor was he, so far as appears, named in the bill, but he was subsequently ordered to attorn to the receiver and pay rent.

It seems to be agreed by counsel, that on November 1, 1897, the receiver and appellant entered into a written lease of the farm for a term expiring January 31, 1899, which was the date of the expiration of the period of redemption from the foreclosure sale of the premises that had taken place in October, 1897, and that appellant remained in possession and paid rent under such lease until the end of such term. After the expiration of the lease by its terms, the appellant continued in possession of the farm until March 9th or 10th, and then moved off. At about the same time he moved from the farm a double corn crib and a blacksmith shop that he had placed upon the farm some years previous to making the lease with the receiver.

Shortly after his removal from the farm, proceedings were begun by the receiver to compel appellant to pay rent for the period during which he held over after the termination of the lease from the receiver, and to restore to the

farm the buildings so removed by him. The master to whom the matter of appellant's obligation to do either was referred on March 11, 1899, took evidence and reported in substance that appellant was not required to pay additional rent because of it being the intention of the parties that he should remain in occupancy until the beginning of the farm year, March 1st, and that for the few days beyond that date he was relieved because of arrangements made with the new tenant whose lease ran from March 1st. As to the buildings removed, the master reported that appellant, had by agreement with a prior owner of the premises, the right to remove them, but because he had not reserved such right in the lease he made with the receiver such right had become lost to him.

Upon the hearing of exceptions to the report of the master, appellant was ordered to pay the receiver $50 as rent of the farm for February, 1899, and to replace the removed buildings within twenty days. This appeal is from that order.

As already said, the period of redemption from the foreclosure sale expired January 31, 1899. No redemption from the sale having taken place, the title and rights of the purchaser at that sale became vested and fixed as of that date.

So far as the record before us shows, the purchaser then became the absolute owner of the farm, and entitled to all his rights as such. The receiver's rights and duties were at an end with reference to the farm, which had become another's.

So, also, with the rights of the parties to the suit in whose interest the receiver was appointed. The foreclosure suit was then at an end, and the jurisdiction of the court whose aid had been invoked for the purposes of that suit, ceased with the perfection of the title in the purchaser.

We are wholly unable to see any ground upon which the jurisdiction of the court can be sustained, at the instance of the receiver, to compel appellant to pay rent to the receiver for the farm after it had become the purchaser's, or to require him to replace buildings removed by him sub-

sequent to the time when the title had become completed in the purchaser.

The principles stated in Davis v. Dale, 150 Ill. 239, same case, with title reversed, 51 Ill. App. 328, and McDonald v. Miller, 54 Ill. App. 325, are applicable here.

The order appealed from must be reversed.