Louis M. Proesel, Appellant, v. Alice G. Ratner et al., Defendants. Norris-Ward Coal Company, Appellee.

Gen. No. 38,785.

Opinion filed April 22, 1936. Rehearing denied May 5, 1936.

HAYES & REMUS, of Chicago, for appellant; WILLIAM J. REMUS, of Chicago, of counsel.

COCHRANE & GEORGE, of Chicago, for appellee.

MR. PRESIDING JUSTICE HALL delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook county, entered on January 7, 1936, appoint-

ing a receiver for the premises known as 340–42 East 56th street, in the city of Chicago. Prior to the appointment of the receiver, the property in question had been sold under a foreclosure decree entered on October 20, 1932, in favor of Louis Proesel, complainant in the foreclosure suit. On October 23, 1932, an order was entered in the circuit court confirming the master's sale of the premises to Louis Proesel, and continuing the receiver in possession of the premises during the period of redemption, for the purpose of collecting the rents and paying a deficiency judgment. On February 24, 1934, a master's deed was issued to Proesel, the purchaser at the foreclosure sale, and on March 27, 1934, the receiver filed his final report and was discharged from further duties in the premises. By order of the court, Proesel was directed to assume any unpaid liabilities contracted by the receiver during the receiver's administration of the property.

On November 13, 1935, the Norris-Ward Coal Company filed a petition in the circuit court of Cook county, in which it alleges, among other things, that while the receiver was in possession of the property, an apartment building, the receiver, under authority of the court, purchased coal from the petitioners, which coal was delivered to and used in heating the premises; that on March 27, 1934, an order was entered, discharging the receiver, and that as a part of the order, as hereinbefore stated, Proesel was directed to assume the unpaid liabilities; that at the date of the entry of the order discharging the receiver, the receiver was indebted to the Norris-Ward Coal Company, petitioners, in the sum of $287.29 for coal purchased, and the petitioner prayed that Proesel be cited for contempt for his failure and refusal to comply with the order. An answer to this petition was filed by Proesel, in which the facts as to the foreclosure and sale of the property, and the issuing of the deed, are set forth. Thereafter,

on January 7, 1936, on motion of the attorneys for the Norris-Ward Coal Company, the court appointed a receiver for the property, and in the order the court found that there was a balance due for coal purchased by the receiver amounting to $262.29, and further in the order, the court gave the receiver so appointed the power to manage and collect the rents of the building in question, apparently, for the purpose of securing money with which to pay this coal bill.

In *Stoddard v. Walker*, 90 Ill. App. 422, a receiver of a farm was appointed after a sale made in the foreclosure proceeding, and after the period of redemption had expired on January 31, 1899. In passing upon the legality of such appointment, the court stated that "no redemption from the sale having taken place, the title and rights of the purchaser at that sale became vested and fixed as of that date," (January 31, 1899) . . . "The purchaser then became the absolute owner of the farm, and entitled to all his rights as such. The receiver's rights and duties were at an end with reference to the farm, which had become another's. So, also, with the rights of the parties to the suit in whose interest the receiver was appointed. The foreclosure suit was then at an end, and the jurisdiction of the court whose aid had been invoked for the purposes of that suit, ceased with the perfection of the title in the purchaser." See also *Davis v. Dale,* 150 Ill. 239.

The order of the court in the instant case appointing a receiver after the issuance of the deed was a void order. If the claim of the petitioners, the Norris-Ward Coal Company, is valid, it should have an adequate remedy at law. The order appointing the receiver is, therefore, reversed.

*Reversed.*

HEBEL, J., and DENIS E. SULLIVAN, J., concur.