## J. E. McKenerick, Appellant, v. Walter Levin et al., Appellees.

### Gen. No. 40,539.

Heard in the second division of this court for the first district at the December term, 1938. Opinion filed May 28, 1940. Rehearing denied June 12, 1940.

John M. Lee, of Chicago, for appellant; Daniel D. Tuohy, of Chicago, of counsel.

Nash, Ahern, McDermott, McNally & Kiley and Maxwell L. Rubin, all of Chicago, for certain appellee; Maxwell L. Rubin, of counsel.

Meyer W. Rosin, of Chicago, for certain other appellees.

Mr. Presiding Justice John J. Sullivan delivered the opinion of the court.

Shortly after plaintiff, J. E. McKenerick, filed the complaint to foreclose her first mortgage, one of the defendants, the owner of the equity of redemption, in

order to avoid the expense of receivership executed an assignment of rents to plaintiff, which authorized her to pay "all expenses for the care and management of such premises, including taxes and assessments and the interest on incumbrances." A decree of sale was entered in the foreclosure proceeding and at the master's sale held pursuant to the provisions thereof plaintiff's bid of $86,000 for the property involved was accepted and a certificate of sale issued to her. The court decreed a deficiency of $8,175.36 in her favor. The order approving the master's report of sale and distribution continued plaintiff in control and possession of the premises under the assignment of rents in lieu of the appointment of a receiver and directed her to "account for all receipts and disbursements in connection with the operation and management of such premises" at the expiration of the period of redemption and to "apply the net income from said premises on account of the deficiency as aforesaid and retain the overplus, if any, subject to the further order of this court." During the period of redemption plaintiff paid $3,848.65 in taxes out of rents accruing during the redemption period. Plaintiff's final account and report disclosed her payment of this tax item and also revealed that she credited herself with $510.96, representing interest at 5 per cent on the full amount of the deficiency for the entire period of redemption. Pursuant to a counterclaim filed by the holder of the second mortgage and to objections filed to the aforesaid account and report by the owner of the equity and the holder of the second mortgage, the items covering the payment of taxes and interest were disallowed by the trial court. Upon the aforesaid counterclaim and objections to the final account and report of plaintiff an order was entered on August 4, 1938, directing that the overplus of $2,339.06 remaining in plaintiff's hands after the payment of the delinquency be paid by her to Charles H. Albers, receiver of the West Side Trust and Savings Bank, in

reduction of the indebtedness described in and secured by the trust deed in the nature of a second mortgage held by him. It is from this order that plaintiff prosecutes this appeal.

The only real question presented is whether under the order of court which confirmed the sale of the mortgaged premises to plaintiff mortgagee and continued her in control and possession of said premises after the sale under her assignment of the rents from the owner of the equity in lieu of the appointment of a receiver, said mortgagee may apply rents collected during the period of redemption in payment of taxes levied against the property during said period and whether she is entitled to credit in her final account and report for the taxes so paid over the objections of the owner of the equity and the holder of the junior incumbrance. The assignment of rents, as heretofore stated, contained a provision that the assignee might pay taxes, as well as the necessary expenses incurred in the operation and management of the property.

It is the established law of this State that rents accruing from the operation of mortgaged property after the master's sale thereof and during the period of redemption cannot be used for the purpose of paying taxes. (*Stevens v. Hadfield,* 178 Ill. 532; *Bothman v. Lindstrom,* 221 Ill. 262; *Davis v. Dale,* 150 Ill. 239; *Nixon v. Unity Co.,* 176 Ill. 12; *Haigh v. Carroll,* 209 Ill. 576; *Elgin City Banking Co. v. Hancock,* 183 Ill. App. 23; *Talcott v. Peterson,* 63 Ill. App. 421.) Plaintiff concedes that during the period of redemption a receiver may not lawfully use rents collected by him from mortgaged property to pay taxes but advances the rather specious argument that, because she was the assignee under an assignment of rents which contained a provision that she was authorized to pay all expenses necessary to the operation and management of the premises, "including taxes and assessments," she therefore occupied a position superior to that of a receiver after

sale and had authority by virtue of said assignment not only to pay taxes out of rents accruing before the sale but to pay taxes out of rents accruing during the redemption period. A simple and complete answer to plaintiff's position in this regard is the order itself, which in lieu of the appointment of a receiver continued her in possession of the property during the period of redemption. That order, as heretofore shown, directed her to "account for all receipts and disbursements in connection with the operation and management of said premises and *apply the net income from said premises on account of the deficiency as aforesaid*" and *to retain the overplus,* if any, *subject to further order of the court.* Regardless of the authority plaintiff claims was given to her under the assignment of rents to pay taxes out of the rents collected during the redemption period, the italicized language in the foregoing order is in our opinion both specific and controlling. Plaintiff's only authority under this order was to apply the net income to the payment of her deficiency and report to the court any balance remaining after said deficiency was paid. In any event plaintiff's control of the premises after the sale and during the period of redemption carried with it no greater authority than a receiver would have had during said redemption period.

Moreover, it is difficult to understand how plaintiff can consistently claim that she is entitled to receive any more in this proceeding than the satisfaction in full of her first mortgage indebtedness. She purchased the property at the master's sale for $86,000, leaving a deficiency of $8,175.36, for which a decree was entered in her favor. Her final account and report showed a net operating balance of $10,751.97 during the period of redemption. Disallowing plaintiff, as the trial court did, the amount of $3,848.65, which she paid on general taxes and $510.96, which she credited herself with as interest on the full amount of the deficiency for the en-

tire period of redemption, the funds in her hands were more than ample to pay the deficiency in full. The court allowed her $237.55 as interest upon the balance of the deficiency remaining due from time to time. Over and above the amount of the deficiency and interest allowed on same, there is a balance of net income of $2,339.06, which, with the consent of the owner of the equity, was ordered to be paid by plaintiff to Charles H. Albers, receiver of the West Side Trust and Savings Bank of Chicago "in partial payment of the junior mortgage indebtedness and deficiency decree in the principal sum of $25,500, found due to the said Charles H. Albers, receiver of the West Side Trust and Savings Bank of Chicago, in the decree of sale heretofore entered herein, and in this order." In our opinion the order of the court, including all of the findings therein, was proper.

Several other points are urged by plaintiff but in the view we take of this cause we deem it unnecessary to discuss them. They all pertain to the right of Albers, the receiver of the West Side Trust and Savings Bank, to file objections to plaintiff's account and report or to his right to be paid the balance of the net income remaining after the deficiency had been fully paid. Plaintiff's first mortgage indebtedness having been fully satisfied, it is no longer any concern of hers what disposition the court made of the balance of the net rents.

For the reasons stated herein the order of the circuit court of August 4, 1938, is affirmed.

*Order affirmed.*

FRIEND and SCANLAN, JJ., concur.