EVANSTON BANK, Plaintiff-Appellee, v. FIRST NATIONAL BANK OF WHEATON, Defendant-Appellant.

First District (5th Division)  No. 85—0208

Opinion filed April 26, 1985.

Irving Faber and Richard Karr, both of Irving Faber & Associates, Ltd., of Chicago, for appellant.

W. Scott Porterfield, of Fishman, Merrick & Perlman, P.C., of Chicago, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from an order appointing a receiver to take possession of a certain 11-apartment building. It contends that the trial court had no authority to appoint the receiver and, alternatively, that the grounds presented for the appointment were insufficient.

It appears that plaintiff had loaned $300,000 to Gary-Wheaton Bank, as trustee, and Patricia Christiansen, as beneficiary, taking a first mortgage on the property as security. In 1983, pursuant to a

Uniform Commercial Code sale, the First National Bank of Wheaton (FNBW) purchased the beneficial interest of Christiansen, following which the Gary-Wheaton Bank conveyed the deed to FNBW. Later in 1983, when Christiansen defaulted on plaintiff's loan, plaintiff brought proceedings resulting on September 18, 1984, in a judgment of foreclosure and sale in its favor. There was an amendment as to the amount of the judgment on November 13, 1984, after which plaintiff purchased the property on November 14, 1984, at the foreclosure sale in which there was no deficiency.

Subsequently, on December 20, 1984, plaintiff, by an unverified petition, requested that it be placed in possession of the property; or, in the alternative, that a receiver be appointed on allegations that defendant, in possession as owner of the equity of redemption, was impairing its security (a) by failing to pay 1983 real estate taxes; (b) because it was informed that three of the 11 apartments in the building were not rented; and (c) because "it is concerned that the premises will not be reasonably maintained."

Defendant filed a verified answer to the petition which (a) admitted that it did not pay the 1983 taxes, but denied that it was obligated to do so; (b) denied that there were three vacancies in the premises; and (c) denied that the property was not reasonably maintained. Supporting this answer was the affidavit of its officer in charge of the management of the premises, in which she stated, in pertinent part, "that all the utility bills were paid; that a realtor had been hired during the months of August through September to rent vacant apartments; and that, although there had been four vacancies, two had been re-rented." The affidavit also set forth considerable maintenance work performed on the premises.

No hearings were held on the petition, but on September 20, 1984, after arguments by the parties, the trial court, finding "that the petitioner herein has the right, pursuant to the terms of the mortgage, to seek the appointment of a Receiver to preserve, protect and manage the above-captioned property during the pendency of this action," appointed the receiver "with all of the usual powers of Receivers, including the management of said premises, collections of rents, payment of necessary taxes and other necessary expenses, ***." This appeal followed the entry of that order.

Sections 15—306 and 15—307 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 15—306, 15—307) are involved in defendant's first contention that the trial court was without authority to appoint the receiver. Section 15—307 provides, in substance, that in foreclosure proceedings the court's authority ceases after a

foreclosure sale in which there is no deficiency. Section 15—306, in pertinent part, states that nothing in part 3 of article XV (which includes section 15—307) "shall preclude any court from appointing a receiver at any time upon application of the mortgagee, or other plaintiff or party in foreclosure proceedings."

■ Defendant initially argues, in his brief, that following the foreclosure sale here in which there was no deficiency, the trial court under section 15—307 no longer had the authority to appoint a receiver. On oral argument in this court, however, defendant agreed—as we do—with plaintiff's contention that under section 15—306 a receiver could be appointed at any time where an adequate basis therefor is shown. Defendant did suggest, however, that by virtue of the language in section 15—307, the court's authority here ceased after the foreclosure sale, and thus the application for the appointment of a receiver should have been in a separate action. We disagree. It appears to us that the language in that section permitting "any court" to appoint a receiver "at any time" is unrestricted and was not intended to preclude the court's hearing foreclosure proceedings from doing so—particularly, as here, where they remained pending.

■ We turn, then, to the contention of defendant that the grounds presented did not warrant the appointment of the receiver. In this regard, we note that the appointment of a receiver is a drastic remedy which should be exercised with great caution and only where there is imminent danger of loss (*Iowa Structures Unlimited, Inc. v. First National Bank* (1981), 99 Ill. App. 3d 180, 425 N.E.2d 64; *Klass v. Yavitch* (1939), 302 Ill. App. 229, 23 N.E.2d 936), and the application for appointment should set forth specific facts and cannot be supported by mere conclusions of the applicant (*People ex rel. Scott v. Silverstein* (1980), 86 Ill. App. 3d 605, 408 N.E.2d 243; *Cohen v. Financial Acceptance Co.* (1965), 56 Ill. App. 2d 359, 206 N.E.2d 308).

Here, the only factual basis in plaintiff's application for appointment of a receiver is the allegation that the 1983 real estate taxes had not been paid. The other allegations in the application, that it was informed of three vacant apartment units and that it was concerned that the premises will not be reasonably maintained, are clearly not factual. Thus, the seminal question is whether the appointment was proper on the basis that 1983 taxes had not been paid. While defendant refers to a number of cases holding that unpaid real estate taxes justify the appointment of a receiver, we note that each of them concerns an appointment made prior to a foreclo-

sure sale, and we agree with plaintiff that after a foreclosure sale the nonpayment of real estate taxes does not justify the appointment of a receiver during the redemption period, because the rents accruing in the operation of the property during that period may not be used by a receiver for the purpose of paying real estate taxes. (See *McKenerick v. Levin* (1940), 305 Ill. App. 532, 27 N.E.2d 536, and cases cited therein.) This is so because a purchaser at a judicial sale takes the property subject to all outstanding liens. (*Community Savings & Loan Association v. Cosmopolitan National Bank* (1966), 72 Ill. App. 2d 202, 219 N.E.2d 103.) In *Davis v. Dale* (1894), 150 Ill. 239, 244, 37 N.E. 215, 216, the court prevented a receiver from applying to the payment of taxes any sums collected as rents and profits, emphasizing that the purchaser at a foreclosure sale

> "took the estate *** subject to all prior liens to which it would have been subject in the hands of the mortgagor. He was required to know that the mortgagor would be entitled to the possession, and rents, issues and profits, of the premises pending the running of the period of redemption, and that taxes would accrue which would be a lien upon the property, before the time of redemption would expire, and he voluntarily purchased subject to such accruing lien."

In the light thereof, we think it clear that, as here, where the only basis for the appointment of the receiver was the unpaid real estate taxes, the appointment should not have been made, since income received from the operation of the property could not be used to pay the real estate taxes.

Accordingly, the order appointing the receiver is reversed.

Reversed.

MEJDA, P.J., and LORENZ, J., concur.