(No. 13684.—Reversed and remanded.)
THE PEOPLE *ex rel.* George Berline *et al.* Appellees, *vs.*
LOUIS LOWENSTEIN *et al.* Appellants.

*Opinion filed April 21, 1921.*

1. ELECTIONS—*Illinois statutes do not authorize women to vote at election to organize community high school district.* There is no provision in the statutes of Illinois authorizing women to vote at an election to organize a community high school district. (*People* v. *Kinsey*, 294 Ill. 530, followed.)

2. STARE DECISIS—*the doctrine of stare decisis does not apply to mere dictum.* The doctrine of *stare decisis* does not apply where the proposition claimed to be settled by the opinion of the court is mere *dictum* on a question not in issue in the case or presented for decision.

APPEAL from the Circuit Court of Greene county; the Hon. NORMAN L. JONES, Judge, presiding.

WHITESIDE & WRIGHT, (W. L. WINN, *pro se,*) for appellants.

J. C. BOWMAN, State's Attorney, (W. J. CHAPMAN, and THOMAS HENSHAW, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

George Berline and one hundred and seventy-two others, residents and legal voters of Community High School District No. 106, in Greene county, as relators, upon leave filed an information in the nature of *quo warranto* in the circuit court of said county in the name of the People, by the State's attorney, charging Louis Lowenstein, Marcus North, W. L. Winn, Norman Davis and J. H. Fox with holding and executing without warrant the offices of members of the board of education of said district. On April 27, 1920, respondents appeared and moved the court to set aside the order granting leave to file the information and to dismiss the petition, for the reason that the petition did not show

probable grounds for filing the information. The court overruled the motion and respondents filed their plea. The court sustained a general and special demurrer to the plea after it had been amended. Respondents abided by their plea as amended, and the court found that said election was illegal and void and that they were guilty as charged and entered a judgment of ouster. Respondents have appealed.

The petition recited that on September 27, 1919, an election was held in the territory comprising said district, which is ten miles long and seven miles wide, for the purpose of voting for or against the proposition to establish and organize it as a community high school district for the benefit of the inhabitants; that the county superintendent of schools ordered the election but did not furnish or provide for the election a separate ballot-box or separate ballots for the women; that at the time of the election there were residing in the territory more than eight hundred women who had the legal qualifications of residence and were of sufficient age to entitle them to vote in said territory; that the judges holding the election publicly announced, shortly after the opening of the polls, that no women would be allowed or permitted to vote at that election; that a large number of women attended the polling place on the day of the election and desired and offered to vote but were not permitted to do so; that at the election there were cast 254 ballots by men, of which 220 were cast for the proposition to establish the community high school district, 33 ballots were cast against the proposition and one ballot cast was mutilated and not counted, and the return of the election was made to the county superintendent of schools. It is further charged that for the reason that the county superintendent did not furnish or provide a separate ballot-box and separate ballots for women, and that no women were allowed or permitted to vote at the election, it was not a free and equal election guaranteed by the constitution and was therefore illegal and void, and that

a community high school district was not legally estab-
lished.  It is further charged that for the same reasons the
subsequent election of the appellants as members of the
board of education of the alleged community high school
district held under the call of the county superintendent of
schools was unauthorized and therefore void, and that all
of their pretended acts as members of said board were un-
authorized and illegal.  The legality of the election is not
otherwise attacked by the information.  There is no charge
that women were not permitted to vote in the election for
members of the board of education.

The main proposition argued by the respective parties
in this case is whether or not women voters in the terri-
tory composing the community high school district had a
right to vote at the election held for the organization of
the district.  Another proposition argued involves the ques-
tion whether or not it was the duty of the county superin-
tendent to provide separate ballots and separate ballot-boxes
for women voters at the election.  There are other minor
propositions argued, all of which are based upon the as-
sumption that women had the legal right to vote upon the
question of the organization of the district.  If the women
had no legal right to vote at such election the minor ques-
tions are not material and require no further considera-
tion.  In other words, unless the women could vote at the
election there was no probable ground shown for the filing
of the petition for leave to file the information, as the peti-
tion was based upon the same allegations set forth in the
information.

This court held in the case of *People* v. *Peltier,* 265
Ill. 630, that neither section 270 of the School law nor the
Women's Suffrage act of 1913 authorized women to vote
upon the question of organizing a high school district.
There was no other act of the legislature in existence that
gave the women the right to vote at the election in ques-
tion.  The election judges therefore properly held that the

women of the territory could not legally vote on the question of the organization of said school district. It necessarily follows from this conclusion that neither the petition nor the information contained any charge showing or tending to show that the school district was not legally organized or that the members of the board of education were holding without warrant their said offices. The court therefore erred in denying the motion of appellants to set aside the order granting leave to file the information and to dismiss the petition.

Appellees rely upon the cases of *People* v. *Vaughan,* 282 Ill. 163, and *Zeigler* v. *Douglas,* 283 id. 407, as sustaining their contention that the curative act of 1915 gave women the right to vote at all elections for the organization of high school districts. The former of these two cases was reconsidered in the recent case of *People* v. *Kinsey,* 294 Ill. 530, and it was there held expressly that the act of 1915 did not purport to grant to women the right to vote at such elections and that there are no words in the act that indicate such a purpose. The question whether or not the women had the right to vote at an election held for the purpose of organizing a high school district was directly submitted to this court in that case, as it is in this case, and after a thorough consideration of the matter we held that there was no authority whatever for holding that they could vote at such election, and at the same time decided that the court was in error in holding to the contrary in the two cases above cited. The proposition whether or not women could legally vote on such question was not presented to this court for decision in either of the two cases cited. It was mere *dictum,* and could not be controlling for any reason in this case unless those decisions correctly announced the law on that question. The doctrine of *stare decisis* can have no application to this case, as the proposition in question was not in issue or presented for decision in either of the said two cases. We are en-

tirely satisfied with our conclusion reached in the *Kinsey case* and must adhere to it as the law in this case.

The judgment of the circuit court is reversed and the cause remanded, with directions to set aside the order granting leave to file the information and to dismiss the petition and the information.

*Reversed and remanded, with directions.*