# JOHN T. DAVIS

## v.

# ALFRED N. DALE.

*Filed at Ottawa May 8, 1894.*

1. FORECLOSURE—*right to possession and rents after sale, until redemption expires.* The grantor in a deed of trust, or the owner of the equity of redemption, is entitled to the possession of the premises, and to receive the rents, issues and profits, after the sale on foreclosure, and until the time of redemption expires.

2. SAME—*appointment of receiver.* The only purpose of appointing a receiver at the instance of the mortgagee or *cestui que trust*, or trustee in a trust deed, is to preserve the security of the mortgage or trust deed, and apply the rents, issues and profits, when necessary, in discharge of the indebtedness.

3. SAME—*continuing receiver after sale.* It follows, that when the mortgaged premises are bid off at a foreclosure sale for the full amount of the decree, interest and costs, the necessity for continuing the receiver ceases, and he should be discharged, and the possession restored to the owner of the equity of redemption. In any event, the possession of the receiver, and his receipt of the rents and profits arising from the property, would be for the benefit of the person entitled to the same.

4. SAME—*sale—rights of purchaser.* By law, the purchaser at foreclosure sale becomes entitled to all the right, title and interest of the mortgagor in the premises, if no redemption is made in the time and manner prescribed by the statute, and takes the estate charged with all the infirmities of title, and subject to all prior liens, to which it would have been subject in the hands of the mortgagor.

5. Such purchaser is bound to know that the mortgagor is entitled to the possession and rents, issues and profits of the premises pending the running of the period of redemption, and that taxes will accrue which will be a lien upon the property before the time of redemption will expire.

6. MORTGAGE—*lien discharged by sale.* By virtue of the lien created, the mortgagee or *cestui que trust* has the right to have the security foreclosed and the property sold, and the proceeds applied in payment of the secured debt. But when this is done, and the lien enforced by a sale of the property and the proceeds applied, the mortgage or trust deed has expended its force, and the property is no longer subject to its provisions.

150 239
60a 646
150 239
63a 425

150 239
72a 646
72a 647

150 239
174 151
74a 438
76a 423

150 239
78a 228

150 239
178 535
80a 285

150 239
83a 518

150 239
84a 609

150 239
181 446
181 558
181 561

150 239
186 6526

150 239
90a 4406
90a 6425

150 239
92a 5379

150 239
96a 1208
97a 1581

150 239
193 1486

150 239
196 1256

150 239
201 6519

150 239
202 6162
j202 6175
j202 6176

150 239
108a 4268

150 239
209 3581

150 239
115a 1131

7. Nor does it in any way affect the result that the holder of the indebtedness becomes the purchaser at the sale, whether he be the mortgagee or *cestui que trust,* or not. By becoming the purchaser a new relation created by the statute exists, in nowise dependent upon any privity of contract between the purchaser and mortgagor.

8. REDEMPTION—*payment of taxes and assessments.* Where the purchaser of land at a sale under a judgment or decree shall' pay taxes or assessments which become a lien during the time allowed for redemption, and the premises are redeemed, such taxes or assessments so paid, with interest, are, under the statute of 1889, to be included in and paid as part of the money required to make the redemption. This is for the reason that the payment inures to the benefit of the mortgagor and to the preservation of his estate. The reason does not apply where there is no redemption.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Appellant, being the legal holder of a note secured by trust deed upon certain property in Chicago, the title to which was in one Duncan, during his life, on August 26, 1891, filed his bill to foreclose said trust deed. On October 6, 1891, a receiver was appointed in said cause, with full power to take possession of the property, to rent the same, and to receive rents, etc. Decree of foreclosure was entered for the full amount of the debt and interest, and on December 21, 1891, the premises were sold by the master under said decree, and the complainant (appellant) became the purchaser for the full amount of the decree, interest and costs. A certificate of purchase, in the usual form, was issued to the purchaser, entitling him to a deed at the expiration of fifteen months, in default of redemption.

The trust deed foreclosed, provided that the grantors should pay the taxes and assessments levied upon the property described in the trust deed, and should not suffer the premises, or any part thereof, to be sold or forfeited for any tax or assessment, etc., and that upon default in the performance of

any of the covenants of the deed, the trustee, or other person appointed by the court, etc., may enter and take possession of the premises, collect the rents, issues and profits, and apply the same toward payment of repairs, taxes, assessments, etc.

After the sale, motion was made by appellee to discharge the receiver, but no action was taken thereon, and the receiver was continued until after the expiration of the time of redemption, and the deed made to appellant by the master. The receiver then made his final report, showing a balance in his hands derived from the rents of the premises.

The deed was made March 21, 1893, and the receiver having collected $285.99 after redemption had expired and the deed issued, the court ordered the same paid to appellant. The receiver reported that he had paid the taxes upon the property for the year 1891, amounting to $1574.80, and that there was a net balance in his hands, less commissions, after having paid the several amounts theretofore ordered by the court to be paid to appellee, as executor of Duncan, the sum of $2074.21, and asked an order for disbursement.

Appellant filed his petition, showing, among other things, that there had accrued taxes upon the property sold by the master, for the year 1892, the sum of $1657.64, and praying that the receiver be ordered to pay the same. The court, among other things, found and decreed that the receiver should pay the complainant $1473.50, "being that portion of the taxes for the year 1892 estimated and apportioned as ten and two-thirds months from the first day of May, 1892, to the 22d day of March, 1893." Appellee excepted to so much of the order as required the receiver to pay such proportion of the taxes of 1892, and on appeal to the Appellate Court so much of the decree was reversed and the cause remanded, with directions to the court below to enter an order requiring the receiver to pay the same to appellee as executor, etc. From that judgment of the Appellate Court complainant appeals.

16—150 ILL.

Mr. Franklin P. Simons, for the appellant:

Even after sale it is competent for the court to appoint a receiver to take possession of the rents and profits for the benefit of the mortgagee, upon it being shown that the land mortgaged is not an adequate security, and that the mortgagor, or other party in possession, is insolvent. *Hughes* v. *Hatchett*, 55 Me. 634; *White* v. *Griggs*, 54 Iowa, 650; *Warner* v. *Goureneur*, 1 Barb. 38; *Douglas* v. *Cline*, 12 Bush, 608; *Brown* v. *Chase*, 1 Wells, 43; *Schreiber* v. *Cary*, 48 Wis. 208; *Haas* v. *Building Society*, 89 Ill. 498; *Wright* v. *Vernon*, 3 Brew. 112.

A purchaser at a sheriff's or master's sale acquires only a lien. No new title vests until the period of redemption expires. *Stephens* v. *Insurance Co.* 43 Ill. 328.

The appellee bound himself, under the covenants of the trust deed, to pay the taxes, and so agreeing, the circuit court directed a part of the funds coming into the hands of the receiver to be used for that very purpose. *Stephens* v. *Insurance Co. supra; Pensoneau* v. *Pulliam*, 47 Ill. 58; *Davis* v. *Dresback*, 81 id. 393; *Insurance Co.* v. *White*, 106 id. 67.

Messrs. Defrees, Brace & Ritter, for the appellees:

The rents and profits during the time intervening between the master's sale and deed belong to the owner of the equity of redemption. *Stephens* v. *Insurance Co.* 43 Ill. 328; *Bennett* v. *Matson*, 41 id. 332; *O'Brian* v. *Fry*, 82 id. 274.

The mortgagor has the right to remain in possession until the purchaser becomes entitled to his deed, and is not liable for use and occupation, nor to account for the rents and profits. *Rockwell* v. *Servant*, 63 Ill. 424.

Mr. Justice Shope delivered the opinion of the Court:

The question presented upon this record is, whether the circuit court correctly decreed requiring the receiver to pay taxes for the year 1892 on the mortgaged premises.

The grantor in the deed of trust, or the owner of the equity of redemption, was entitled to the possession of the premises, and to receive the rents, issues and profits thereof, after the sale and until the time of redemption expired. (*Stephens* v. *Insurance Co.* 43 Ill. 331; *Bennett* v. *Matson,* 41 id. 332; *O'Brian* v. *Fry,* 82 id. 274; *Rockwell* v. *Servant,* 63 id. 424.) The only purpose of appointing a receiver at the instance of the mortgagee or *cestui que trust* under or trustee in the trust deed, is to preserve the security of the mortgage or trust deed, and apply the rents, issues and profits, when necessary, in discharge of the indebtedness. And it follows, necessarily, that where the property is bid off at the foreclosure sale for the full amount of the decree, interest and cost, as was here done, the necessity for continuing the receiver ceases, and he should be discharged and the possession restored to the owner of the equity of redemption. In any event, the possession of the receiver, and his receipt of the rents and profits arising from the property, would be for the benefit of the person entitled to the same, so that the parties acquired no additional right because the fund is in the hands of the receiver.

The contention of counsel for appellant, that in some way the purchaser at the master's sale acquired equities, under the clauses and covenants of the trust deed, for the payment of taxes by the grantor, is equally untenable. By virtue of the lien created, the mortgagee or *cestui que trust* had the right to have the security foreclosed and the property sold, and the proceeds applied in payment of the secured debt. But when this has been done, and the lien enforced by a sale of the property and the proceeds applied, the mortgage or trust deed has expended its force, and the property is no longer subject to its provisions. (*Ogle et al.* v. *Koerner et al.* 140 Ill. 170; *Seligman* v. *Laubheimer,* 58 id. 124.) Nor does it in any way affect the result that the holder of the secured indebtedness becomes the purchaser at the sale, whether he be the mortgagee or *cestui que trust,* or not. By becoming the purchaser,

a new relation created by the statute exists, in nowise dependent upon any privity of contract between the purchaser and mortgagor.

No cross-errors are assigned, nor is the correctness of the decree in respect of the payment of taxes of 1891 in any way questioned. It is difficult to see how the purchaser at the master's sale would, in the condition of this case, be entitled to payment of such taxes out of the rents and profits. But, as before said, the question is not raised, and need not be now determined.

By the statute the owner of the real estate on the first of May, in any year, is made liable for the taxes of that year. (Rev. Stat. sec. 59, chap. 120.) No determination of the question of whether the mortgagor was the owner on the first of May, 1892, which, it will be remembered, was practically four months after the sale by the master, will be required. Nor would his liability to the State for the taxes of that year, if it existed, be at all determinative of the question here involved. The purchaser at the sale took as a stranger whatever title was authorized by the decree to be sold. By law he became entitled to all the right, title and interest of the mortgagor in the premises, if no redemption was made in the time and manner prescribed by the statute, and necessarily took the estate charged with all the infirmities of title, and subject to all prior liens to which it would have been subject in the hands of the mortgagor. He was required to know that the mortgagor would be entitled to the possession, and rents, issues and profits, of the premises pending the running of the period of redemption, and that taxes would accrue, which would be a lien upon the property, before the time of redemption would expire, and he voluntarily purchased subject to such accruing lien. The legislature, in recognition of this, passed the act of June 4, 1889, by which it is provided, that where the purchaser of real estate at a sale under a judgment or decree shall pay taxes or assessments which became a lien during the

time allowed for redemption, and the premises are redeemed, such taxes or assessments so paid, with interest, are to be included in and paid as part of the money required to make the redemption. This is manifestly just, for the reason that, the redemption being made, the payment of the taxes inures to the benefit of the mortgagor and to the preservation of his estate, and this undoubtedly led to the enactment. No such reason, however, exists where no redemption is made. There, the payment of taxes inures to the benefit of the purchaser, and can in nowise be beneficial to the mortgagor.

The judgment of the Appellate Court is affirmed, and the cause remanded to the circuit court, with directions to carry into effect the remanding order of the Appellate Court.

*Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting.