90    405
a196s  253

## Julius H. Stevens, Receiver, v. Abram H. Hadfield.

1. FORECLOSURE SALES—*What the Purchaser Takes.*—The purchaser at a foreclosure sale takes the title with all its infirmities and burdens, and it is not for a receiver, in the premises, to apply the rents and profits accruing during the period of redemption to the removing of such infirmities and burdens for the benefit of such purchaser.

Foreclosure.—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 16, 1900.

Statement.—The only questions presented by this writ of error relate to the allowance or disallowance of certain items embraced in a receiver's report. The report as approved by the court is as follows:

"For water tax................... $102 59
For repairs..................... 252 67
For commissions paid by receiver
    for collecting rents........... 171 09
For deficiency decree and interest. 248 41
For plate-glass insurance........ 58 62
For fire insurance.............. 261 67
For fees of receiver............. 344 75
For fees of receiver's solicitors... 100 00

Making in all................     $1,539 60
That the total sum collected by the
    receiver was................     3,421 76

Leaving balance of.........     $1,882 16 "

The court further ordered that said balance of $1,882.16 be held for the future consideration of the court.

The matter of the receiver's report had been referred to a master in chancery, and it was upon the report and recommendation of the master that the court entered the order as above stated. The receiver had presented before the master, as other items for which he should be allowed, $702.15, paid for taxes during the period of redemption, which the master disallowed in his recommendation; $210

paid for insurance during the same period, of which the master allowed only $35. The item of $100 allowed by the court for solicitor's fees was not included in the recommendation of the master.

The proceedings of the suit in which this receiver's report occurred are considered by this court in Stevens v. Hadfield, 76 Ill. App. 420, and by the Supreme Court in the same case upon appeal from this court in 178 Ill. 534. For a more complete statement of facts reference may be had to the opinions in these cases.

N. M. JONES, attorney for plaintiff in error.

B. W. ELLIS & SON, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The order of April 5, 1897, which is now reviewed by this writ of error, was considered by this court in a former appeal, Stevens v. Hadfield, 76 Ill. App. 420, and it was there held that the order was a final order, and the propriety of it could not be questioned on that appeal. It is questioned by this writ of error.

Errors and cross-errors assigned call in question the following items allowed or disallowed by the court below.

1st. Interest paid upon a first mortgage, senior to the mortgage foreclosed in the suit here. This item, amounting to $17.50, was properly disallowed. The purchaser at the foreclosure sale took the title with all its infirmities and burdens, and it was not for the receiver to apply the rents and profits accruing during the period of redemption to the removing of such infirmities or burdens for the benefit of such purchaser. Davis v. Dale, 150 Ill. 239; Stevens v. Hadfield, *supra*.

The fact that Hadfield, the owner of the equity of redemption, to whom these rents and profits primarily belonged, was obligated upon certain covenants in a deed to pay this first mortgage, does not operate to avoid the conclusion. His liability may be enforced by appropriate

action, but not by the voluntary act of this receiver. This item was properly disallowed.

2d. The sum of $702.15, paid by the receiver for taxes. The same reasons which preclude the receiver from assisting the purchaser at the foreclosure sale by an application of the rents and profits accruing during the period of redemption upon the first mortgage lien, also preclude him from assisting here in the matter of taxes. This item was also properly disallowed.

3d. By assignment of cross-errors the allowance of the sum of $100 as solicitor's fees is questioned. There was no conflict of interests here between the complainant in the suit to foreclose and the receiver. Hence we perceive no impropriety in allowing this item to the solicitor of the receiver, although he was also solicitor for complainant in the bill to foreclose. This item was properly allowed.

4th. No sufficient showing is made why the item of $20 for interest on the deficiency decree should not have been allowed. We think it a proper allowance, so far as we can determine from the evidence presented.

5th. The amount allowed for insurance. We are unable to see why this item was not a proper one to be allowed.

6th. The amount allowed as commissions. One of the learned and able counsel for defendant in error was called as a witness as to the usual amount allowed in this behalf, and his own testimony is not widely variant from the amount fixed by the court below.

We are of opinion that the account as allowed is proper, and that the order allowing it should be affirmed.