(No. 11718.—Reversed and remanded.)
THE PEOPLE ex rel. M. D. Harvey, Appellee, vs. FRED N. VAUGHAN et al. Appellants.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. CONSTITUTIONAL LAW—*when parties waive constitutional question.* Parties cannot stipulate what the law is but they may waive constitutional rights, and by stipulating what the issue is in a particular case they will be regarded as waiving constitutional questions not involved in such issue.

2. SCHOOLS—*women may vote at all elections for organization of high school districts.* The act of 1915, legalizing elections for the organization of high school districts under the act of 1911 at which the votes of women were the deciding factor in carrying the election, necessarily gives women the right to vote at all elections for the organization of high school districts. (*People* v. *Militzer,* 272 Ill. 387, explained.)

3. PRACTICE—*when judgment is not responsive to issue.* Where the parties have stipulated the issue but the court holds a proposition of law which has, in effect, been waived by the stipulation and enters judgment accordingly, the judgment is not responsive to the issue and will be reversed on appeal and the cause will be remanded, but the stipulation, if objected to, will not be binding upon another trial.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding.

P. M. JAMES, and RAY T. LUNEY, for appellants.

HARRY EDWARDS, J. W. WATTS, and H. A. BROOKS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By leave of court an information in the name of the People of the State of Illinois, on the relation of M. D. Harvey, was filed in the circuit court of Lee county, requiring the appellants to show by what warrant they exercised the

offices of president and members of the board of educa-
tion of a township high school district organized under sec-
tion 6 of the act of 1911. The appellants filed a plea of
justification, setting forth in detail the proceedings for the
organization of the district, and the parties entered into a
stipulation of facts forming an issue, which was submitted
to the court. The stipulation was, "that said high school
district was legally organized and said respondents were
duly elected and have not been and are not usurping said
offices, unless it be that said district is composed, in whole
or in part, of another or prior township high school dis-
trict." That question was to be determined from the fol-
lowing facts: On April 4, 1916, an election was held to
vote for or against the proposition to establish a township
high school for the benefit of township 20, range 10, in
Lee county, under the general School law of 1909, and
women were allowed to vote at the election. Counting only
the votes of men the proposition was lost by six votes, but
counting the votes of women there was a majority of 168
in favor of the proposition, and it was declared carried. On
May 8, 1916, a petition was filed with the county superin-
tendent of schools for an election for or against the propo-
sition to establish a township high school under the act of
1911, comprising territory described in the information, in-
cluding territory embraced in the first proceeding. Notice
was given and an election was held on May 20, 1916, and
the proposition was carried. On the same day there was an
election for a board of education in the first township high
school district and a board was elected, but the persons
elected never organized nor exercised the duties of the
office. On June 15, 1916, an election was held for a board
of education under the second proceeding, at which the ap-
pellants were elected and organized as a board. The court
did not decide the issue submitted by the stipulation but at
the instance of the appellants held this proposition of law:
"That the law under which the township high school was

organized, to-wit, the act of 1911 of the School law of this State, is unconstitutional and void," and entered a judgment of ouster, from which this appeal was taken.

The parties did not submit to the court the question of the validity of the act of 1911 but agreed that the high school district was legally organized unless it was composed, in whole or in part, of another and prior township high school district, but the judgment of the court was based on a finding that the act was unconstitutional. Parties cannot stipulate what the law is, but they may waive constitutional rights, and are generally held to have waived any question as to the validity of a statute by failing to make an attack upon it by opportune objection. Failure to make such objection is deemed a waiver. As has been frequently held, constitutional questions are waived by taking a case to an appellate court and assigning error there of which that court has jurisdiction. (*Barnes* v. *Drainage Comrs.* 221 Ill. 627; *Case* v. *City of Sullivan*, 222 id. 56; *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *City of Chicago*, 242 id. 178; 6 R. C. L. 94.) An estoppel may also be operative to prevent the assertion of a constitutional right, (10 R. C. L. 836,) so that a right may either be waived or lost. So far as the proposition of law held by the court was concerned, it was correct at the time the judgment was rendered, on March 24, 1917, (*People* v. *Weis*, 275 Ill. 581,) but by the act of June 14, 1917, the objection to the constitutionality of the act was removed. (*People* v. *Stitt*, 280 Ill. 553.) The question, however, was not submitted to the court and the constitutionality of the act was not involved in the issue.

The question to be determined under the stipulation was whether the first township high school district was legally organized, because if it was, the two could not occupy the same territory. Women voted at the election to organize that district, and the Woman's Suffrage act of 1913 did not give them a right to vote at elections of that character.

(*People* v. *Peltier,* 265 Ill. 630.) In 1915 an act was passed legalizing elections under the act of 1911 at which the votes of women were the deciding factor in carrying the election. (Laws of 1915, p. 630.) That act was held to be a valid exercise of legislative power in *People* v. *Militzer,* 272 Ill. 387, on the ground that the General Assembly had power, when the Township High School act was passed, to authorize women to vote at such elections, and it necessarily follows that the act of 1915 gave women a right to vote at all elections for the organization of high school districts. The General Assembly could not at any time have passed an act authorizing women to vote at certain elections for the organization of high school districts but not at other elections for the same purpose, or under one act and not under another enacted for the same purpose, or limiting their right to vote at elections in which their votes were the deciding factor in carrying the election in favor of the proposition for organizing a district. It cannot be presumed that the General Assembly intended a violation of the constitutional provision that elections shall be free and equal by permitting women to vote at some elections to organize districts and not at others, making their votes legal provided they were cast to organize the district but illegal if they defeated the proposition, and the act of 1915 could only be sustained as conferring the right to vote at all elections to organize high school districts under any act. It was stipulated that the board of education elected on the same day as the election for the organization of the district in question had not organized or acted, and there was a question whether under the decision in *People* v. *Niebruegge,* 244 Ill. 82, the first township high school district, if legally organized, ceased to be a corporation by a non-user of its corporate powers. The proposition of law held. was not upon the issue submitted and the judgment was not responsive to the issues, and the judgment must therefore be reversed. The stipulation of facts, if objected to, will not be binding upon

another trial. *City of Alton* v. *Foster,* 207 Ill. 150; *Rigdon* v. *More,* 242 id. 256.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE DUNCAN, dissenting.