(No. 20918.—

Burton S. Powell *et al. vs.* Phineas D. Voight *et al.*
Defendants in Error.—(Harry E. Hobbs, Receiver,
Plaintiff in Error.

*Opinion filed April 23, 1932—Rehearing denied June 14, 1932.*

Francis E. Hinckley, (Frank C. Rathje, of counsel,) for plaintiff in error.

M. D. Dolan, (B. A. Cummins, of counsel,) for defendants in error.

Mr. Justice Orr delivered the opinion of the court:

This court granted *certiorari* to review a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county concerning the report of a receiver in a foreclosure proceeding. The principal issue involves the legality of certain disbursements made by the receiver.

Harry E. Hobbs was appointed receiver in the foreclosure of a third trust deed executed by Phineas D. and Mayme L. Voight, wherein Burton S. Powell and William T. Webster were complainants. On June 7, 1926, the real estate involved in the proceeding was sold to Powell, and on June 16 a deficiency decree was entered against the Voights for $3959.99. Prior thereto, on January 19, 1926, Hobbs, the plaintiff in error, had been appointed receiver by the court, with the usual directions to take possession of the premises, preserve the same and collect the rents. When the deficiency decree was entered it provided that the receiver-

ship was to continue during the redemption period, "with like powers as heretofore conferred," until the further order of the court. The receiver remained in possession and collected the rents during the redemption period, and without authorization of the court he paid out of the receivership funds the sum of $17,068.69 in discharge of principal and interest on the first and second mortgages and taxes. Of this sum $1837.50 was paid for principal and interest on the second mortgage prior to the sale and the balance of $15,231.19 was paid after sale for principal and interest on the first and second mortgages and taxes. When the receiver filed his account, the Voights, as judgment debtors under the deficiency decree, and Ethel Scanlon, claiming to own the equity of redemption, filed objections thereto. The matter was referred to a master in chancery, who after a lengthy hearing recommended in his report that certain allowances should be made for expenses and disbursements of the receiver and that he should be charged for the remaining amounts collected by him. . The master recommended the disallowance of the sum of $1837.50 claimed by the receiver to have been paid by him as principal and interest on the second mortgage prior to the entry of the decree of sale and also the disallowance of the $15,231.19 paid out by the receiver for taxes and as principal and interest on the first and second mortgages after the sale, and that the receiver should be charged interest at five per cent on such sums from the dates of such payments. He further recommended that the receiver be charged with the costs of the proceedings. The circuit court entered a decree in conformity with the master's recommendations, which the Appellate Court affirmed.

The receiver contends that the rents during the pendency of the foreclosure proceeding and throughout the period of redemption were pledged by the trust deed to secure not only payment of the principal and interest but to secure the principal and interest accruing upon prior encumbrances and

taxes which became due after the sale, and that there was an express contract of the parties that the receiver discharge these obligations. By the provisions of the third deed of trust the Voights agreed to pay two prior encumbrances, one for $53,000 and the other for $36,500, and the interest thereon; that in case of failure, the receiver, when appointed, was to have the option of paying the prior indebtedness out of rents received, and it was provided that the receiver might disburse the rents collected in the payment of all taxes, special assessments, principal and interest on prior encumbrances, and that all such payments might be made subsequent to the entry of a decree of sale and without regard to whether the taxes became liens prior or subsequent to the entry of the decree of sale. The law seems clear that the owners of the equity of redemption are entitled to have the deficiency, where one exists, paid out of the rents and profits of the premises during the redemption period. A pledge of rents during the redemption period is not extinguished by a foreclosure and sale, and the owners of the deficiency judgment, as well as the judgment debtors, are entitled to have it satisfied out of such rents. (*Prussing v. Lancaster,* 234 Ill. 462.) During the redemption period the rents belong to the owner of the equity of redemption and cannot be appropriated to the purchaser at the sale, either directly or indirectly. (*Davis v. Dale,* 150 Ill. 239; *Bogardus v. Moses,* 181 id. 554; *Schaeppi v. Bartholomae,* 217 id. 105.) After the foreclosure sale and entry of the deficiency decree the trust deed remained in force as to the pledge of rents during the redemption period only for the purpose of satisfying the deficiency decree. *First Nat. Bank v. Illinois Steel Co.* 174 Ill. 140.

In behalf of the receiver it is further urged that the provisions of the trust deed went beyond the usual provisions, in that the Voights not only promised to pay the bonds secured therein but also agreed to pay the prior encumbrances and taxes accruing subsequent to a decree of sale, and ex-

pressly agreed that the receiver should pay all principal and interest on prior encumbrances and taxes out of rents received by him not only before but after the sale. The cases cited fail to sustain this contention. A provision in a trust deed attempting to give the rents during the redemption period to the purchaser at a sale under a foreclosure decree is of no avail. (*Schaeppi* v. *Bartholomae, supra; Coleman* v. *Mulcahey,* 334 Ill. 64; *Standish* v. *Musgrove,* 223 id. 500.) The purchaser at the sale takes under the decree and not under the trust deed. (*Gregory* v. *Suburban Realty Co.* 292 Ill. 568; *Standish* v. *Musgrove, supra.*) Such purchaser takes the property with all its infirmities and subject to all prior liens and encumbrances. (*Davis* v. *Dale, supra; Dodds* v. *Snyder,* 44 Ill. 53.) A receiver has no authority to pay prior encumbrances or interest or taxes after sale without the sanction and authority of the court appointing him. He acts under the order of the court—not under the trust deed. (*Perlman* v. *Marzano,* 338 Ill. 109.) A receiver is an officer of the court and has only such powers as the court gives him. (*Nevitt* v. *Woodburn,* 190 Ill. 283; Bispham's Principles of Equity, (5th ed.) p. 690; 23 R. C. L. p. 2.) In the case of *Stevens* v. *Hadfield,* 196 Ill. 253, where the receiver contended that he had rightfully paid interest on a senior mortgage, and taxes, because the mortgagor had covenanted to pay them, this court said: "The fact that the defendant in error had assumed that mortgage by covenants in his deed conferred no right or duty upon the receiver to enforce the same. In other words, the receiver was an entire stranger to that covenant and had nothing whatever to do with the mortgage." The present case is a stronger one for the application of that principle than the one wherein it was given expression. In the present case, neither the order appointing the receiver nor any subsequent order of the court gave him any authority to pay out the rents collected for taxes, interest or principal on prior encumbrances during the period of redemption.

The receiver complains at length that the decree required him to pay interest upon the sums wrongfully paid out by him. He has no just ground of complaint. He did not procure legal advice about his duties. He consulted with the complainant Powell, accepted his advice, and his actions resulted to the distinct financial advantage of his adviser. The record is replete with evidence that the receiver knew nothing about the trust deed and did not make the payments because he thought the trust deed authorized him to do so. His first obligation as receiver was to pay the deficiency at the earliest opportunity, to forestall the accumulation of interest against the Voights. This he failed to do, although, until he misapplied the funds in other directions, he had sufficient money on hand for that purpose. As a result of his own failures he has been properly charged with interest.

No question of subrogation arises in the present case, as claimed by the receiver. There is a total failure of evidence to show that the Voights or Ethel Scanlon ever requested him to make the payments complained of. The receiver admits that he disbursed the funds upon the advice of the complainant Powell. A mortgagor cannot enforce the assumption agreement until the primary fund has been applied to the payment of the indebtedness assumed. (41 Corpus Juris, 736, 737.) Clearly the receiver can not do so.

The argument is also made that the court below acted unjustly in taxing the entire costs against the receiver. In view of the fact that only 16 pages of the record were required for the testimony of the Voights and Ethel Scanlon while 879 pages were devoted to testimony in behalf of the receiver little ground for such complaint exists. Under these circumstances the costs were properly taxed against the receiver.

For the reasons expressed the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*