Etta Wolf et al., Executors of the Last Will and Testament of Henry Wolf, Deceased, Appellants, v. Rudolph Fischman et al., Appellees.

Gen. No. 37,097.

Opinion filed January 15, 1934.

SIDNEY J. WOLF, for appellants.

No appearance for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Complainants appeal from an order requiring the receiver in a foreclosure proceeding to pay taxes after sale and the entry of a deficiency decree in favor of complainants. No one appears in this court to defend the order.

Complainants filed a bill to foreclose a junior mortgage executed by Rudolph Fischman, one of the defendants; a receiver was appointed; subsequently an order was entered extending the receivership for the benefit of the first mortgage; May 23, 1933, a decree of sale was entered and on June 20th the master's decree of sale was confirmed and a deficiency decree of $12,563.13 was entered in favor of complainants.

June 22nd complainants filed a verified petition representing that the receiver had on hand the sum of

$4,292.51, and asking that he be ordered to pay the complainants this amount to apply on account of the deficiency. The owners of the equity answered the petition, asked that its prayer be denied and that the receiver be required to pay the funds in his hands on account of taxes. After argument the court ordered the receiver to pay $1,000 on account of the 1929 taxes and $1,000 on account of the 1930 taxes, and that the balance in his hands be paid to complainants in reduction of the deficiency decree. This appeal is from the order requiring the receiver to pay $2,000 on account of taxes.

It has been repeatedly decided that a receiver cannot pay taxes after sale and during the period of redemption. It was specifically so held in *Bothman v. Lindstrom*, 221 Ill. App. 262. In the recent case of *Verst v. Foreman-State Trust & Savings Bank*, 270 Ill. App. 484, we said that it was the rule in this State that taxes on property foreclosed cannot be paid by the receiver after sale and that the reason for this is that the owner of the equity of redemption is not chargeable with payments of taxes for the purchaser, except in case of redemption as provided by statute. See also *Powell v. Voight*, 348 Ill. 605; *Davis v. Dale*, 150 Ill. 239; *Wright v. Matters*, 220 Ill. App. 131; *Nixon v. Unity Co.*, 176 Ill. App. 12; *Stevens v. Hadfield*, 90 Ill. App. 405; Reeve Illinois Law of Mortgages and Foreclosures, vol. 2, page 647, sec. 564.

The order requiring the receiver to pay taxes was improvidently entered and it is reversed, and the cause is remanded with directions to pay the amount in the receiver's hands to the complainants in reduction of the deficiency decree.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.