**Builder's Bond and Mortgage Company, Appellant, v. John H. Bickley et al., Appellees.**

Gen. No. 37,086.

Heard in the second division of this court for the first district at the October term, 1933. Opinion filed May 1, 1934.

ROSENBERG, CORLETT & TOOMIN, for appellant.

ELLIS & HACKETT, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is the second appeal in this cause. The first was from an order dismissing the bill of complaint of Builder's Bond & Mortgage Company for want of equity. We reversed and remanded the cause with directions that the chancellor "enter a decree of foreclosure in favor of complainant in proper form, finding that there was due complainant on April 15, 1930, the date of the master's report, $15,011.68, in which is included $1,000 solicitor's fees." (See *Builder's Bond & Mortgage Co. v. Bickley,* 262 Ill. App. 603.) The instant appeal, by complainant, hereinafter called appellant, is from an order thereafter entered in the same cause permitting an extension of the receivership therein to a proceeding, commenced on June 27, 1931, while the former appeal was pending in this court, involving the foreclosure of a prior mortgage, *nunc pro tunc* as of a date more than a year prior to the application for such extension, and also from a further part of the same order approving the payment by the receiver of the sum of $4,521.05 for taxes after a foreclosure sale and after an order fixing the deficiency due appellant at $7,575.14.

The order appealed from, entered July 1, 1933, recites that the matter came on to be heard upon com-

plainant's motion "upon the current report and account of Harry L. Schmitz, receiver herein, . . . and upon objections to said account and report filed by the complainant," and also upon the intervening petition of The Peoples Trust and Savings Bank of Chicago, a corporation, as trustee under a deed of trust dated June 1, 1926, executed by John H. Bickley and Letta M. Bickley, his wife, to said bank, as trustee, being the complainant in a cause entitled *The Peoples Trust and Savings Bank of Chicago, a corporation, as Trustee, v. John H. Bickley et al.*, No. 539077, filed in the superior court of Cook county. The order finds that on December 21, 1928, there was filed a bill of complaint by complainant, Builder's Bond & Mortgage Co., praying for a foreclosure of a junior trust deed covering the premises described in the bill, and for the appointment of a receiver to collect rents and profits from said premises pending the entry of a decree of foreclosure and sale, and thereafter, in the event the amount of the indebtedness secured by the junior trust deed was not realized from the sale; that thereafter, upon motion of complainant, Harry L. Schmitz was appointed receiver of the premises to collect the rents and profits therefrom and hold the same subject to the further order of the court; that on October 26, 1931, there was entered in the cause a decree of foreclosure and sale finding that there was due to complainant $15,171.88, together with interest provided by statute; that on November 25, 1931, a sale was held in conformity with said decree, the proceeds of which amounted to $9,801, and that upon application of the proceeds of the sale to the indebtedness due complainant, a deficiency remained on account of the decree in the amount of $7,575.14; that on December 2, 1931, an order was entered in the cause, upon notice to all parties of record, including the receiver, approving the master's report of sale and distribution and fixing the deficiency due complainant at the sum of $7,575.14,

and continuing the receiver in possession to collect the deficiency from the premises during the 15 months' redemption period provided by law; that on June 27, 1931, The Peoples Trust and Savings Bank, a corporation, as trustee, for and on behalf of the holders of 186 bonds evidencing a principal indebtedness in the amount of $80,000, duly executed by John H. Bickley and his wife, the bonds being secured by a trust deed dated June 1, 1926, executed by Bickley and his wife, filed its said bill of complaint, Gen. No. 539077, which prayed the entry of a decree of foreclosure and sale of said trust deed, which constituted a first trust deed or mortgage incumbrance against the premises described in the bill in this cause; that the trust deed conveyed and mortgaged to said bank, as trustee, the premises described in appellant's bill of complaint, together with the rents, issues and profits therefrom, as security for the payment of the 186 bonds; that said cause was assigned to the Honorable William J. Lindsay; that on June 29, 1931, an order was entered in said last mentioned cause by the Honorable William J. Lindsay extending the appointment of said Schmitz, as receiver, for the benefit of the complainant in said cause; that said order was entered by the chancellor upon the motion of said complainant, the trustee, and that no petition seeking such extension, nor any order granting it was entered in the instant cause, the second mortgage foreclosure, until the filing of the intervening petition herein by The Peoples Trust and Savings Bank of Chicago on June 24, 1932, which petition prayed, *inter alia*, the entry of an order of extension extending the receivership of Schmitz to cover cause No. 539077, and that the order be entered *nunc pro tunc* as of June 29, 1931; that nothing had been paid on account of the general taxes upon the real estate involved in the two causes for the years 1927, 1928, 1929 or 1930 by any of the parties to the said causes or by anyone else; that on April 18, 1932, there had

accumulated in the hands of the said receiver, Schmitz, upwards of $5,000; that on that date, upon direction of the court in cause No. 539077, but without leave of court in the instant cause, and without notice to Builders' Bond & Mortgage Company, complainant herein, but with notice to and with the consent of Bickley and his wife, the beneficial owners of title to the real estate involved in these causes, the receiver, Schmitz, after having been summoned to confer with the Honorable William J. Lindsay, by direction of said court, paid out of said funds for general taxes levied against said premises for the years 1927, 1928, 1929 and 1930, the sum of $4,000 by and with the consent of the owners of the equity of redemption herein, and that the receiver also, on April 28, 1932, by direction of said court in said first mortgage proceeding, and also with the consent of the owners of the equity of redemption herein, but without leave of court in the instant cause, and without notice to the complainant herein, expended the sum of $521.05 to redeem from certain special assessment warrant sales, constituting liens against the premises; that on July 1, 1932, the receiver filed his current report and account in the instant cause, which showed the making of said payments, which was the first notice given to complainant herein that said tax payments had been made; that the complainant herein duly filed objections to said report and account in respect to the payment of said $4,000 for general taxes for the years 1927, 1928, 1929 and 1930, and $521.05 for redemption from said special assessment warrant sales; that "it further appearing that said payments duly made by the receiver, should be approved and sanctioned by the Court, and that the extension of said receivership as prayed in the intervening petition of The Peoples Trust and Savings Bank should be granted *nunc pro tunc* as of June 29, 1931," the chancellor ordered that the receivership of Schmitz be extended to cover the bill of complain-

ant in cause 539077 *nunc pro tunc* as of June 29, 1931, and the receiver was directed to administer the receipts from said date for the benefit of all parties to both causes; that the receiver file a final account and report of all his acts and doings as the second mortgage receiver, and to proceed with the administration of the receivership estate, as extended, for the benefit of all parties to both of said causes and that all income received by the receiver after June 29, 1931, should be held and administered as the court might direct, for the benefit of both parties. The court also overruled the objections of complainant to the receiver's account and report and approved said payments of taxes.

Appellant contends that "an order extending a receivership for the benefit of a senior mortgagee who files a bill for the foreclosure of his encumbrance, is wholly ineffective to preserve a lien on the rents collected by the receiver (appointed in a junior mortgage foreclosure instituted upon the same property), unless it be entered in the cause in which the receiver was appointed." Appellees concede the soundness of this contention.

Appellant further contends that "an order cannot be entered *nunc pro tunc* to cure the failure to make an order, but only to supply some omission in the record of an order already made," and that under the findings made by the chancellor in the order of July 1, 1933, the chancellor was not justified in entering the extension order *nunc pro tunc* as of June 29, 1931. Appellees also concede that this contention is sound.

Because of the concessions of appellees there are only two material questions to be determined, viz., 1. Is payment of taxes by a receiver after foreclosure sale proper when the owner of the equity agrees to the payment but where the owner of a deficiency judgment objects to the payment of the same? 2. Is there merit in appellees' contention that the chancellor, "as the representative of the sovereignty," had the abso-

lute right to direct the taxes to be paid out of the fund in question "before all other claims except judicial costs?" As to question 1: Appellees state in their brief: "It is stated by appellant in its brief under III of its argument that the payment of taxes by a receiver after sale in a foreclosure mortgage proceeding is improper. Appellee agrees with this proposition generally. The exception, however, is where the receiver makes the payment after the sale with the consent of the owner of the equity of redemption." Appellees further state that the precise question has not been passed upon. We are satisfied that the position of appellees that the owner of the equity in the instant case was the only person who could complain of the payment of the taxes after sale, is not sound. The following cases considered the relative rights of the equity owner and the deficiency judgment creditor to the rents after sale, and held that as between the equity owner (whether he is or is not obligated on the mortgage) and the holder of a deficiency decree, the latter has the prior claim to the rents: *Straus v. Bracken,* 242 Ill. App. 122; *Hindman v. Off,* 246 Ill. App. 528; *Shinnick v. Goodman,* 259 Ill. App. 107 (decided by this division of the court); *Powell v. Voight,* 261 Ill. App. 127. Appellees argue that it would seem from certain decisions of the Supreme Court that the equity owner is the only person who could complain of the payment of taxes after sale, but when the cases cited are examined, in the light of the facts and the questions before the court, we are satisfied that they do not sustain appellees' argument. To refer to the principal one cited: In *Powell v. Voight,* 348 Ill. 605, the question of the propriety of tax payments after sale was raised by the equity owner and also by the holder of a deficiency judgment and the court held that both parties had a right to complain of the payment of taxes by the receiver after the sale had been made. In the opinion, the court said (p. 608):

"A pledge of rents during the redemption period is not extinguished by a foreclosure and sale, and the owners of the deficiency judgment, as well as the judgment debtors, are entitled to have it satisfied out of such rents."

If the appellant had waived his right to the fund the consent of the equity owner would then have been sufficient to authorize the payment of the taxes. We must determine the first question in favor of the appellant and against appellees.

As to question 2: In the determination of this question it must be noted that the appellees conceded, in their argument bearing upon question 1 that the payment of taxes by a receiver after a foreclosure sale was improper, with one exception, viz., that the receiver might make the payment after the sale *with the consent of the owner of the equity of redemption.* This position is, of course, inconsistent with appellees' position as to question 2. If we are correct in holding that the appellant, as the owner of the deficiency judgment, had a superior right to the fund, it would necessarily follow from appellees' position as to question 1 that the consent of the appellant was also necessary. It is to be noted that the state is not a party to these proceedings nor was the order upon the receiver to pay the taxes entered upon its motion, and it is apparent that it was entered at the instance of the senior mortgagee or the trustee in the senior foreclosure proceeding. Upon the oral arguments in this court counsel for appellees conceded that the order for the payment of the taxes benefited his client and injured appellant. It is true, of course, that the lien for taxes is superior to all other liens whatsoever except judicial costs, and the right and power of the state to enforce its lien upon the property involved in the instant case cannot be questioned. In *Verst v. Foreman-State Trust & Sav. Bank,* 270 Ill. App. 484, 485, 486, the court said:

"The lien for taxes is a first and prior lien to all titles and claims of all parties. *People v. Evans,* 262 Ill. 235. It is well established that a court having under its control property upon which taxes are due, will, as the representative of the sovereignty, direct them to be paid before all other claims except judicial costs. Cooley on Taxation (4th ed.), vol. 3, sec. 1352. In *Wiswall v. Kunz,* 173 Ill. 110, it was held that taxes upon property in the hands of a receiver may properly be regarded as part of the costs and expenses of receivership and may be ordered paid as other costs and expenses. Among other decisions in this State asserting this rule are *Gorham v. Farson,* 119 Ill. 425; *Atwood v. Knowlson,* 91 Ill. App. 265; *Ortengren v. Rice,* 104 Ill. App. 428. In *Driever v. Shephard,* 259 Ill. App. 239, we said in substance that if the current taxes were not paid a superior lien would be established, and that the receiver should see that the property is carried to the judicial sale free and clear of such liens. Cases from other jurisdictions supporting this view are *Walser v. Northern Valley Bldg. Corp.,* 109 N. J. Eq. 126, 156 Atl. 783; *American Nat. Bank v. Northwestern Mut. Life Ins. Co.,* 89 Fed. 610; *In re Tyler,* 149 U. S. 164. In *Taylor v. Sutherlin-Meade Tobacco Co.,* 107 Va. 787, the court held that 'It is the universal rule that a court, as the representative of the sovereignty of the state, will make no order for the distribution of funds *in custodia legis* until provision is made for payment of taxes and levies due to the commonwealth and its municipalities.'

"*It is also the rule in this State that taxes upon property foreclosed cannot be paid by the receiver after sale.* Reeve's Illinois Law of Mortgages, vol. 2, sec. 564. This distinction was discussed and observed in *Bothman v. Lindstrom,* 221 Ill. App. 262; also in *Stevens v. Hadfield,* 196 Ill. 253, and *Davis v. Dale,* 150 Ill. 239. The reason for this is that the owner of the equity of redemption is not chargeable with payments of taxes for the purchaser, except in case of redemp-

tion as provided by statute. Cahill's St. ch. 77, ¶ 28." (Italics ours.)

In that case it was held that a receiver, appointed in foreclosure proceedings instituted by a second mortgagee, was properly ordered, upon motion of the first mortgagee, when there had not yet been a decree or sale, to pay accrued general taxes. It was there also held that under the particular circumstances of that case it was specially fitting that the receiver should pay the taxes, as the trust deed, under which the receiver was appointed, provided that the court could authorize the receiver to pay taxes, and the order appointing the receiver directed him to pay taxes, and it further appeared that the complainant in the second mortgage proceedings had by his actions in the case authorized, in effect, the payment of the taxes. In the late case of *Wolf v. Fischman*, 273 Ill. App. 237, the court, after reviewing the authorities bearing upon the subject, held that money in the hands of the receiver during the period of redemption, after foreclosure, sale and the entry of a deficiency decree, should be applied in reduction of the deficiency decree, and that it was error to order the receiver to use part of the money to pay taxes.

After a careful consideration of the instant question we have reached the conclusion that it was highly inequitable to order the receiver to pay the taxes out of moneys that should be applied in reduction of the deficiency decree. We therefore hold that the order requiring the receiver to pay the taxes was improvidently entered, and the instant order appealed from, approving the payment of the taxes, is reversed and the cause is remanded with directions to pay the amount in the receiver's hands, less court costs, to the appellant in the reduction of the deficiency decree.

*Reversed and remanded with directions.*

SULLIVAN, P. J., and GRIDLEY, J., concur.