George G. Clark, Appellant, v. Abraham L. Hall et al.,
Appellees.
George G. Clark, Appellant, v. George M. Kincaid, Receiver, and H. O. Feldmann, Administrator of
Estate of Abraham L. Hall, Deceased, Appellees.

Gen. No. 9,184.

Heard in this court at the April term, 1939. Opinion filed October 19, 1939. Opinion modified and rehearings denied January 2, 1940.

F. K. LEMON, of Clinton, for appellant.

GROVER W. WATSON, of Farmer City, for appellee H. O. Feldmann.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Petitioner George G. Clark has appealed from a decree of the circuit court of DeWitt county, Illinois, wherein the court ordered payment in full of a certain deficiency decree and interest thereon to said appellant, but denied appellant's claim for reimbursement for taxes personally advanced by him during the period of receivership, with interest thereon, out of the proceeds of rents and profits arising from certain farm

lands in said county which proceeds were then in the hands of one George M. Kincaid, receiver, theretofore duly appointed by said court in a mortgage foreclosure proceeding in which Clark was complainant mortgagee and one Abraham L. Hall, mortgagor, since deceased, and certain of his judgment creditors were made defendants. A cross appeal was also taken by defendant H. O. Feldmann, administrator of the estate of said Abraham L. Hall, deceased, from the order pro-- viding for payment in full of said deficiency decree of appellant Clark out of the funds reported by and remaining in the hands of said receiver for distribution. Certain other errors are assigned concerning the order of distribution of the residue of said fund, which will be considered herein.

Appellant Clark, an attorney at law, residing at Plymouth, New Hampshire, had filed the foreclosure suit in 1931 in order to enforce a deed of trust or mortgage lien on 240 acres of land situated in DeWitt county, Illinois, securing an indebtedness due Clark from said Hall on promissory notes in an amount somewhat in excess of $29,000. On December 12, 1931, the court appointed George M. Kincaid, trustee named in the deed of trust, as receiver to collect rents and profits *pendente lite*. A decree of foreclosure was later entered in favor of the plaintiff mortgagee. The premises were sold at public vendue by the master in chancery to the mortgagee for a purchase price of $29,583.77 on May 14, 1932, and a master's certificate of purchase was issued and delivered to him subject to statutory rights of redemption. A deficiency of $2,285.85 was reported by the master in chancery, and a decree was entered against Hall, then a widower, and in favor of Clark for that amount.

The decree further set forth five judgment liens against defendants named in the foreclosure proceedings aggregating approximately $5,750, which judgments had been entered of record in said county dur-

ing the year 1931 and upon which executions were duly issued and returned, whereby the same became liens subject to the prior lien of mortgagee Clark upon the mortgaged premises. Hall died intestate subsequent to the entry of the decree of foreclosure, leaving him surviving Eva L. Reeser, his daughter and only heir at law, who, with her husband, were made party defendants in all proceedings.

The mortgaged premises were not redeemed by the mortgagor or any one holding under him or by any judgment or deficiency creditor during the 15 months statutory redemption period. Upon the expiration thereof, letters were repeatedly written to Clark by his counsel of record and by the receiver requesting that he surrender his certificate of purchase and receive a master in chancery's deed to the premises. These letters, although received, were ignored by Clark and his certificate of purchase was not surrendered in exchange for a master's deed until July 5, 1938, which was shortly before the expiration of the five-year statutory period of limitation for procuring a deed in exchange for his certificate of purchase.

The receiver continued to collect the rents and profits arising from the farm during said redemption period and each year thereafter until July 5, 1938, when the master's deed was delivered. During this period, he had acted as agent for Clark in other loan transactions in the State of Illinois, but had made no report to the court as receiver in the above foreclosure proceedings. On the sixth day of September, A. D., 1938, he filed a verified itemized report of receipts and disbursements as such receiver covering the respective years of 1932 to 1938, inclusive, showing a gross amount of rents and profits received from the farm of $10,974.44 and credits of $1,083.35, leaving a balance of $9,891.09 in the hands of said receiver for distribution.

The receiver's report asked for an order approving the same and for the allowance of receiver's and attorney's fees for services performed and for directions for distribution of the remaining funds in his hands to the parties found by the court to be entitled thereto. The report did not specifically separate the receipts during the redemption period from those subsequently received, but reported receipts and expenditures for the respective calendar years of such receivership. Out of this amount, the court allowed the receiver $640.46 for his services and $438.98 for the services of his attorney, the allowance of which amounts are not questioned on appeal. A balance of $8,811.65 remained for distribution. On November 3 and 4, 1938, the appellant and appellee, respectively, also filed petitions for distribution of such fund, each making claim thereto. The court directed the receiver to first pay the above amounts allowed as receiver and attorney fees; then directed the receiver to pay the appellant the full amount of his deficiency decree with interest in the sum of $3,024.95 and that he pay the balance of $5,786.70 to appellee (cross appellant) Feldmann, as administrator. Appellant's petition for the payment of the whole or any part of real estate taxes and interest advanced by him for the years 1932 to 1938, inclusive, in the total sum of $2,343.56 was denied by the court.

Appellant Clark assigned four errors, viz.: Failure of the court to direct payment to him of all funds in the hands of the receiver; failure to direct payment from such fund to appellant reimbursing him for taxes advanced on the foreclosed premises between the date of the redemption period and the date of appellant's deed from the master in chancery; error in directing remaining funds in the hands of the receiver after payment of his compensation and attorney fees and the deficiency decree of appellant to be paid to appellee Feldmann as administrator, and in failing to direct

such funds to be paid, if not to the appellant, to the heirs at law of said Abraham L. Hall, deceased, and not to his administrator.

Appellee Feldmann, as such administrator, assigned the following cross-errors: Failure of the court to direct the receiver to recast his accounts by showing net rents received prior to the expiration of the redemption period and net rents collected by him subsequent thereto and before delivery of the deed; in denial of appellee's motion to modify stipulation as to payment of appellant's deficiency judgment so as to make same payable solely from net rents accruing prior to expiration of the redemption period; in denying motion to vacate order directing the receiver to pay $3,024.95 in satisfaction of appellant's deficiency judgment and in ordering payment thereof; in denying motion to apportion receiver's commission and attorney's fees and costs ratably between the net rents which accrued prior to expiration of redemption period and the rents accruing thereafter; in considering certain alleged stipulations concerning conclusions of law as binding upon the parties to this proceeding.

Certain stipulations were entered into by the parties at the time of the hearing on November 4, 1938, reciting that insofar as the pleadings and exhibits consisting of the mortgage and notes and foreclosure proceedings were pertinent to the issues, the same were to be considered by the court as in evidence. Additional stipulations as to the amount of the rents collected, taxes paid, interest accruing if the same were chargeable, amount of deficiency and interest, date of death of defendant Hall, the appointment of an administrator and certain other facts not in controversy were recited into the record either by counsel or by the court at the time of the hearing.

The trust deed contained provisions for the appointment of a receiver and pledged the rents and profits arising during the redemption period toward the pay-

ment of the indebtedness and contained the usual provision for repayment of taxes advanced by the mortgagee. Under the latter provision whereby the delinquent taxes, penalties and costs so advanced in default of payment thereof by the mortgagor became a part of the mortgage indebtedness secured by the deed of trust, and in the decree of foreclosure finding the amount of the mortgage indebtedness, there was included the sum of $461.50 as delinquent taxes so advanced by appellant and interest accruing thereon prior to March 12, 1932, when the decree was entered. The decree further recited ''that the total amount due the complainant including principal and interest on said three notes and money advanced for the payment of taxes and interest thereon, is the sum of $29,583.77,'' to which solicitor's fees and costs were added, resulting in the mortgage sale of the premises and the deficiency decree for the unpaid remainder, as hereinabove recited.

It is conceded by the plaintiff appellant in his brief that under the laws of Illinois he has no interest in the rents and profits collected by the receiver subsequent to the period of redemption, aside from his alleged claim for payment therefrom of his deficiency judgment and of taxes advanced by him subsequent to the expiration of the redemption period, with accrued interest thereon.

In raising the questions assigned as cross-errors, the defendant contends that the purported stipulation recited into the record by the judge concerning the payment of the gross amount of the deficiency judgment and interest out of the receipts of rents and profits was a purported stipulation as to law and not as to facts, was not binding upon and could not be entered into by the parties and that, therefore, the trial court erred in denying appellee's motion to set the same aside and confine the stipulation in relation thereto to the redemption period and in not ordering a recasting of the

account of the receiver to show the facts arising under the issues set up in the pleadings and contended for by said appellee.

We have carefully examined both the original and supplemental abstracts and record herein, and we are of the opinion that in view of the issues arising under the pleadings and of the questions of law to be determined in the disposition thereof, that the motion of the defendant to require the receiver to recast his accounts and show the amount of rents and profits received before the expiration of the redemption period rather than the gross amount received or accruing for that entire calendar year should not have been denied by the trial court; that the purported stipulation concerning the payment of the amount of deficiency judgment and interest out of the amount in the hands of the receiver does not specifically indicate whether the same was to be paid out of the gross receipts or out of that portion accruing prior to the expiration of the redemption period and is in that respect somewhat vague and ambiguous; that said purported stipulation should have been modified upon motion of the appellee so as to be more specific and as to be responsive to the issues arising under the petitions and pleadings, and we are further of the opinion that the same undertook to dispose of a question of law arising under the pleadings by a purported stipulation that denied the defendant's right to present legal issues arising under the petitions, and thereby decreased the distributive shares properly payable to the heir and creditors of the deceased.

In *Swift & Co. v. Hocking Valley Ry. Co.*, 243 U. S. 281, 61 L. Ed. 722, 37 Sup. Ct. 287, the Supreme Court, speaking through Justice BRANDEIS, said: " 'It is stipulated by the parties hereto that the track on which the cars in question were placed was the private track of Swift and Company. . . .' For the record discloses, contrary to the statement in the stipulation, that the

track in question was not a 'private track.' " It was held that "If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; . . . 'The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. . . . No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.' "

This principle has been recognized by the courts of Illinois in *People ex rel. Harvey v. Vaughan*, 282 Ill. 163, 118 N. E. 479, and in *People ex rel. Reinhart v. Herrin*, 284 Ill. 368, 120 N. E. 274, and we deem the same to be applicable to and controlling under the recitals set forth in the record and abstract herein.

The rents and proceeds arising from the mortgaged premises prior to the expiration of the redemption period were pledged to the mortgagee, and the net amount of such rents and proceeds were properly payable to the mortgagee, insofar as the same would extend in payment of his deficiency judgment. Beyond that amount, his claim would only be that of a common creditor. *Powell v. Voight*, 348 Ill. 605, 181 N. E. 403; *Schaeppi v. Bartholomae*, 217 Ill. 105, 75 N. E. 447; *First Nat. Bank of Joliet v. Illinois Steel Co.*, 174 Ill. 140, 51 N. E. 200; *Williams v. Williston*, 315 Ill. 178, 146 N. E. 143; *Bogardus v. Moses*, 181 Ill. 554, 54 N. E. 984.

The amount of real estate taxes advanced and paid by the mortgagee during the redemption period was not properly chargeable against the rents and profits in the hands of the receiver, and the courts of review in this State have so held in a number of cases. Appellants, in their argument, have stated that "the law is probably against our contention during the period of

the fifteen months equity of redemption," conceding that the principles announced in *Davis v. Dale,* 150 Ill. 239, 37 N. E. 215, and *Builder's Bond & Mortgage Co. v. Bickley,* 274 Ill. App. 638, are controlling on that issue. In the latter case it was held that money in the hands of the receiver during the redemption period, after foreclosure, sale and entry of deficiency decree, should be applied in reduction of the deficiency decree, and that it was error to order the receiver to pay taxes. *Wolf v. Fischman,* 273 Ill. App. 237. The general power of receivers to pay taxes to prevent a superior lien being established is discussed in *Builder's Bond & Mortgage Co. v. Bickley, supra,* and it was there held by the court (p. 646) that: " '*It is also the rule in this State that taxes upon property foreclosed cannot be paid by the receiver after sale.* Reeve's Illinois Law of Mortgages, vol. 2, sec. 564. This distinction was discussed and observed in *Bothman v. Lindstrom,* 221 Ill. App. 262; also in *Stevens v. Hadfield,* 196 Ill. 253, and *Davis v. Dale,* 150 Ill. 239. The reason for this is that the owner of the equity of redemption is not chargeable with payments of taxes for the purchaser, except in case of redemption as provided by statute.' ''

But it is earnestly contended by the appellant that the rents and profits collected by the receiver subsequent to the expiration of the redemption period and before the mortgagee purchaser surrendered his certificate of purchase and procured the master's deed to the premises on July 5, 1938, was properly chargeable with both the payment of the deficiency judgment and of all taxes advanced by him during that period. In this contention of the appellant, we cannot concur. Until the execution and delivery of the master's deed, which may be procured by him at any time within five years after the expiration of the redemption period by surrender of his certificate of purchase, the title to the premises, together with right to enjoy the rents and

profits arising therefrom, remain in the title holding mortgagor or those who may have acquired title or right thereto through him.

In *Allison v. White,* 285 Ill. 311, 120 N. E. 809, it is clearly pointed out that there was no distinction between the rights of the mortgagor as owner of the title, to the rents and profits before and after the expiration of the redemption period until the purchaser receives the deed, before which time no title or right to the rents and profits vests in him. There, one Isabelle Allison held title as a life tenant and no redemption of the mortgaged premises had been made. The court said (p. 321): "Until the execution of the master's deed she was still the owner of the life estate, subject to the incumbrance of the sale. She was entitled to the possession and control of the property. The certificate of sale conferred no title to the land. It was only evidence of a right to obtain the title, and as against every right except that right, and until it was exercised and a deed made, Isabelle Allison was the owner of the life estate. By failing to redeem from the master's sale she did not lose her title, and if the master's deed was not executed within the time limited by the statute she was then the absolute owner of the life estate. *Lightcap v. Bradley,* 186 Ill. 510; *Schroeder v. Bozarth,* 224 id. 310."

In the case of *Chicago Joint Stock Land Bank v. McCambridge,* 343 Ill. 456, 175 N. E. 834, it is said (p. 460): "A sale under a decree of foreclosure of a mortgage extinguishes the mortgage and satisfies the debt secured by it to the extent of the purchase price received. It does not, however, convey the title, which remains in the mortgagor or his grantee until the expiration of the fifteen months' period of redemption and until a conveyance by the master's deed. (*Bradley v. Lightcap,* 202 Ill. 154; *Schroeder v. Bozarth,* 224 id. 310.)" It is there further said (p. 461): "Until the conveyance by the master the mortgagor or his grantee

is entitled to the possession and use of the premises to the same extent as before the sale and may convey them as he chooses, but upon such conveyance by the master the grantee becomes vested with the complete title to the land, . . . including all crops growing or grown, matured or unmatured, and not severed from the land.''

Prior to the delivery of the master's deed under a foreclosure sale, the purchaser acquires no title to the land, either legal or equitable, but merely the right to receive the redemption money or a master's deed in case the property is not redeemed. *Strauss v. Tuckhorn*, 200 Ill. 75, 65 N. E. 683; *Hack v. Snow*, 338 Ill. 28, 169 N. E. 819; *Klein v. Mangan*, 369 Ill. 645, 17 N. E. (2d) 958.

The owner of the equity of redemption has the same estate in the land both before and after the sale under a foreclosure decree. *Klein v. Mangan, supra; Hack v. Snow, supra.*

In the case of *Corsiglia v. Brown*, 295 Ill. App. 611, 15 N. E. (2d) 603 (Abst.), it was expressly held that the owner of the equity of redemption in premises which had been sold at foreclosure sale was entitled to rentals collected by the receiver appointed by the court during an interval of 28 months elapsing between the end of the period of redemption and the issuance of the master's deed as against the holder of the master's deed and owner of the deficiency decree under the facts and circumstances therein recited.

We hold that the trial court did not err in denying appellant's right to reimbursement of taxes which were voluntarily advanced by him during and subsequent to the redemption period and prior to the delivery of the master's deed, until which time no right to rentals became vested in the purchaser.

We further hold that it was error to allow the appellant to receive any part of the rentals accruing after the expiration of the period of redemption and prior

to the execution and delivery of the master's deed as payment in whole or in part of his deficiency judgment. Only the net rentals accruing prior to the expiration of the redemption period were properly payable to appellant as a credit on his judgment.

That part of the rents collected by the receiver for the period between the expiration of the redemption period and the death of Hall, less its pro rata share of the expenses of the receivership, became a part of the assets of Hall's estate, while that part of such income arising after the death of Abraham L. Hall and prior to the delivery of the master's deed would properly go to the holder of the title, who was the heir of the deceased mortgagor, except insofar as any prior or valid subsisting lien may have existed against the same, if any, in favor of judgment or other lien creditors of the deceased properly asserting the same.

It appearing that the personal estate of Abraham L. Hall is insufficient to discharge all just demands against his estate, that part of such rents and profits in the hands of the receiver which would otherwise go to the holder of the title acquired as heir of the deceased mortgagor, should be paid to the administrator of the latter's estate to be first applied toward the payment of claims properly allowed and chargeable against his estate in due course of administration under the provisions of sec. 12, ch. 59, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 55.12], and the balance, if any, should be paid to said heir.

The reasonable costs and charges of the receivership, aside from those incurred prior to the expiration of the equity of redemption, are proper equitable charges against the funds remaining in the hands of the receiver.

The cause is reversed and remanded to the circuit court of DeWitt county with directions to proceed in accordance with the rulings of this court herein.

*Reversed and remanded with directions.*