PAUL B. JAVARAS *et al.*, Plaintiffs-Appellees, v. JOHN J. CAULFIELD *et al.*, Defendants (Susie Christoff *et al.*, Defendants-Appellants).

First District (3rd Division)   No. 87—3671

Opinion filed August 24, 1988.

Werner Sabo, of Chicago, for appellants.

Neal M. Goldberg, of Chicago, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

On July 8, 1986, plaintiffs, Paul B. Javaras and Kalman Goldberg, purchased the 60% undivided interest of James John in a Chicago apartment building at a sheriff's sale of that interest. On April 7, 1987, plaintiffs brought the instant action for partition in the circuit court of Cook County after they received a sheriff's deed upon expiration of the six-month statutory redemption period. Plaintiffs joined, as defendants, James John, Susie Christoff, Jeanette John, Margaret John, Junia Shlaustas, Raymond Shlaustas, John J. Caulfield and unknown owners. Plaintiffs alleged that defendants Susie Christoff, Jeanette John, Margaret John and Junia Shlaustas each owned an undivided 10% interest in the subject property. They further alleged that defendants James John, Raymond Shlaustas and John J. Caulfield either claimed a lien on, or were in physical possession of, the property.

On September 29, 1987, the trial court entered a default judgment against defendants James John and unknown owners. On that date, the court also granted plaintiffs' motion to strike the affirmative defenses of defendants Susie Christoff, Jeanette John, Margaret John, Junia Shlaustas and Raymond Shlaustas. On October 20, 1987, defendant John J. Caulfield stipulated and consented to the adjudication of the parties' rights and interests and a sale of the apartment building. On December 4, 1987, the trial court granted plaintiffs' motion for summary judgment against defendants Susie Christoff, Jeanette John, Margaret John, Junia Shlaustas and Raymond Shlaustas. Those defendants (hereinafter appellants) now appeal the trial

court orders striking their affirmative defenses to plaintiffs' partition action and granting plaintiffs' motion for summary judgment.

Appellants' affirmative defenses to the partition action alleged, *inter alia*, that the sheriff's sale of James John's interest in the subject realty was void due to the lack of actual notice thereof to them. Section 12—115 of the Code of Civil Procedure, governing the notice required of the public sale of real estate by virtue of judgments, merely requires newspaper publication notice once a week for three weeks and the posting of notice in three public places. Ill. Rev. Stat. 1985, ch. 110, par. 12—115.

■ Appellants concede that in Illinois collateral attacks upon judicial sales are limited to those that are void because of a lack of jurisdiction in the court ordering the sale or fraud practiced in effecting the sale. (*City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 479 N.E.2d 1040.) However, they contend that they had a Federal procedural due process right to actual notice of the sheriff's sale of James John's 60% undivided interest in the subject property. (U.S. Const., amends V, XIV.) Appellants Susie Christoff, Jeanette John, Margaret John and Junia Shlaustas claim that right by virtue of their being tenants in common in that property with James John. Appellant Raymond Shlaustas claims the right by virtue of a lien arising from the payment of real estate taxes on the property.

Appellants also concede that their interests in the subject property were not sold at the sheriff's sale. However, they assert that those interests were adversely affected by the sale. They reason that plaintiffs purchased the right to force a partition of the subject property at the sheriff's sale and that a partition will result in the loss of their interests in the property.

■ As appellants concede that their interests in the apartment building were not sold at the sheriff's sale and as we conclude that they were not otherwise directly affected by that sale, the Federal constitutional law cases and principles upon which they rely are of no avail to them.

Appellants chiefly rely on the landmark decision of *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652. *Mullane* involved the notice due the beneficiaries of a common trust fund, established under the New York Banking Law, of the trustee's petition for a judicial settlement of accounts. Regarding the deprivation of property necessary to invoke the due process right to actual notice and an opportunity to be heard, the court stated:

"In two ways this proceeding does or may deprive beneficia-

ries of property. It may cut off their rights to have the trustee answer for negligent or illegal impairments of their interests. Also, their interests are presumably subject to diminution in the proceeding by allowance of fees and expenses to one who, in their names but without their knowledge, may conduct a fruitless or uncompensatory contest. Certainly the proceeding is one in which they may be deprived of property rights and hence notice and hearing must measure up to the standards of due process." *Mullane*, 339 U.S. at 313, 94 L. Ed. at 873, 70 S. Ct. at 657.

Clearly, unlike the situation in *Mullane*, appellants were subjected to neither the potential nor actual deprivation of any property interests in the sheriff's sale proceeding to satisfy the judgment debt of their cotenant, James John. The fact that, after purchasing James John's interest in the subject property, plaintiffs chose to seek a partition of the property does not compel the conclusion that the partition was a direct and inevitable result of the sheriff's sale.

The remaining cases cited by appellants similarly fail to aid their cause. *Walker v. City of Hutchison* (1956), 352 U.S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200, involved the notice due a landowner of proceedings to condemn part of his property for public use. Similarly, *Schroeder v. City of New York* (1962), 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279, involved the notice due a riparian landowner of condemnation proceedings to acquire the right to divert the river on which her property was situated. Significantly, the court stated that "[t]he general rule that emerges from *** *Mullane* *** is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable *and whose legally protected interests are directly affected by the proceedings in question.*" (Emphasis added.) (*Schroeder*, 371 U.S. at 212-13, 9 L. Ed. 2d at 259, 83 S. Ct. at 282.) In *Sniadach v. Family Finance Corp.* (1969), 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820, a garnishee challenged the Wisconsin statute allowing prejudgment garnishment of wages, which the court recognized as "a specialized type of property." (*Sniadach*, 395 U.S. at 340, 23 L. Ed. 2d at 353, 89 S. Ct. at 1822; see also *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272 (garnishees challenged nonwage garnishment of their property under Illinois Garnishment Act).) In *Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983, buyers of chattels, most of whom purchased the goods under conditional sales contracts and thus lacked full legal title to the goods, challenged the prejudgment replevin of the goods under Florida and Pennsylvania statutes. Notwithstanding

the buyers' lack of full legal title, the court found that they were deprived of a " 'significant property interest' " in the goods, *viz.*, "the interest in continued possession and use of the goods" and that "their possessory interest in the goods *** was sufficient to invoke the protection of the Due Process Clause." *Fuentes*, 407 U.S. at 86-87, 32 L. Ed. 2d at 573, 92 S. Ct. at 1997.

*Boddie v. Connecticut* (1971), 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780, in which the Supreme Court first noted that due process requires "an opportunity for a hearing *before* [deprivation] of any significant property interest" (emphasis in original) (*Boddie*, 401 U.S. at 379, 28 L. Ed. 2d at 119, 91 S. Ct. at 786), is itself of no assistance to appellants. *Boddie* involved the fundamental liberty interest in entitlement to a judicial dissolution of marriage rather than any type of property interest. All of the cases cited in support of the above-quoted language in *Boddie* did involve property interests of one form or another. (See *Boddie*, 401 U.S. at 379 n.5, 28 L. Ed. 2d at 119 n.5, 91 S. Ct. at 786 n.5.) However, those cases, which include *Sniadach* and *Coe*, all involved governmental action *directly* affecting property interests of parties challenging the actions. See *Goldberg v. Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (welfare recipients challenging termination of welfare benefits); *Opp Cotton Mills v. Administrator of the Wage & Hour Division of the Department of Labor* (1941), 312 U.S. 126, 85 L. Ed. 624, 61 S. Ct. 524 (challenge to Fair Labor Standards Act and to order of the Administrator of Wage and Hour Division of the Department of Labor prescribing a minimum wage in the textile industry by employer subject thereto); *United States v. Illinois Central R.R. Co.* (1934), 291 U.S. 457, 78 L. Ed. 909, 54 S. Ct. 471 (challenge by rail carriers to an order of the Interstate Commerce Commission requiring publication of joint rail and water rates with a water carrier on cotton which the court assumed would deprive the rail carriers of property or property rights if enforced); *Coe v. Armour Fertilizer Works* (1915), 237 U.S. 413, 59 L. Ed. 1027, 35 S. Ct. 625 (challenge by shareholder of a corporation to Florida statute allowing execution of judgments entered against corporations upon shareholders' property).

Also distinguishable from this case is *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 77 L. Ed. 2d 180, 103 S. Ct. 2706. Therein, mortgaged property was sold at a tax sale under an Indiana statute not requiring notice to mortgagees. The mortgagee of the property challenged the lack of a requirement of notice to it in the purchaser's suit to quiet title to the property upon expiration of the redemption period and his receipt of a tax deed. The Supreme

Court held that the mortgagee was entitled to notice of the tax sale of the mortgaged property. The court noted that, under Indiana law, a mortgagee received a lien on the property having priority over all subsequent liens and claims attaching to the property except the lien of a tax sale purchaser. It also noted that such a purchaser acquired title free of all liens and encumbrances at the end of the redemption period. It thus reasoned that a mortgagee had a substantial, legally protected property interest that was significantly affected by a tax sale since the sale could result in complete nullification of the mortgagee's lien if the property went unredeemed. *Adams*, 462 U.S. at 798, 77 L. Ed. 2d at 187, 103 S. Ct. at 2711.

Unlike the mortgagee's property interest in *Adams*, it cannot be said that any property interest of appellants was significantly and directly affected by the sheriff's sale of James John's interest in the subject realty. As already noted, no interest of appellants in the subject property was sold at the sheriff's sale. Secondly, the loss of the interests of the appellants who were cotenants of James John which will ultimately result from plaintiff's partition action is not, unlike the potential loss of the mortgagee's interest in *Adams*, a direct and inevitable result of the sheriff's sale of James John's interest in the property.

■ Moreover, although appellant Raymond Shlaustas claims an interest in the property, *viz.*, a lien arising from payment of real estate taxes, which is different from the interests of the other appellants, he was no more entitled to actual notice of the sheriff's sale than they were. Unlike the mortgagee's lien in *Adams*, Shlaustas' lien was unaffected by plaintiff's purchase of James John's interest in the property. It is settled that a purchaser at a judicial sale takes the property subject to all outstanding liens on it. (*Davis v. Dale* (1894), 150 Ill. 239, 244, 37 N.E. 215; *Community Savings & Loan Association v. Cosmopolitan National Bank* (1966), 72 Ill. App. 2d 202, 208, 219 N.E.2d 103; *Aetna Life Insurance Co. v. H. W. Stout & Associates, Inc.* (1983), 112 Ill. App. 3d 570, 576-77, 445 N.E.2d 1288.) Because the sheriff's sale could not deprive Shlaustas of his interest in the property, he was not entitled to actual notice thereof as a matter of procedural due process.

■ Finally, *Cate v. Archon Oil Co.* (Okla. 1985), 695 P.2d 1352, holding that procedural due process must be satisfied before property can be sold at a sheriff's sale, is also distinguishable from this case. In *Cate*, unlike here, the owner of the property sold at the sheriff's sale was the party objecting to the confirmation of the sale. Because appellants' interests in the subject property were neither sold at, nor

otherwise directly affected by, the sheriff's sale, *Cate* does not support their contention that they were denied due process.

For all of the foregoing reasons, the orders striking defendants' affirmative defenses and granting plaintiff's motion for summary judgment are affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.